## THE BRANCH BANK AT DECATUR v. HAWKINS, ADMINISTRATOR.

1. A promise by an administrator, after the expiration of eighteen months after the grant of letters of administration, to pay a debt which had not been presented to him, will not take it out of the statute of *non-claim.*

Error to the Circuit Court of Lauderdale.

ASSUMPSIT by the plaintiff in error, on a promissory note of the defendant's intestate. Plea of the statute of non-claim.

Upon the trial, as appears from a bill of exceptions, the plaintiff having failed to make presentation of the claim as the law requires, introduced evidence of a promise by the defendant, after the expiration of the period, within which it should have been presented, and thereupon the court charged the jury, that if they believed from the evidence, that the defendant had promised to pay the debt to the plaintiff, after the expiration of eighteen months from the grant of letters of

administration, and before this suit was brought, although there had never been a presentation of the note to the defendant as administrator, the plaintiff was entitled to recover. To this charge the defendant excepted, and now assigns it as error.

L. P. WALKER, for plaintiff in error.

1. The statute of non-claim knows no exceptions except those provided by itself—that is, that it shall not extend to persons under age, *femes covert*, insane or *non compos mentis*, to debts contracted out of the State, or to claims of heirs or legatees; and saving these, it is a positive and complete bar. [Borland v. Darrington, 3 Porter, 9; Thrash v. Sumwalt, 5 Ala. R. 14; McBroom v. Governor, 6 Porter, 32; Doe, ex dem. Duval's Heirs, v. McLoskey, 1 Ala. R. 740-1-2-3, &c; Brown, et al. v. Anderson, 13 Mass. R. 201; Scott v. Hancock, et al. 13 Mass. R. 162; Emerson v. Thompson, 16 Mass. R. 429; Thompson v. Brown, et al. Id. 172; Dawes v. Shed, et al. 15 Mass. R. 7; Thompson v. Peter, 12 Wheaton, 565.]

2. The object of the statute of non-claim was to enable those interested in the estate as distributees or legatees, to call on the personal representative at the end of eighteen months, to distribute it; and as it enables the personal representative, at the expiration of that period, to distribute the estate with perfect security; so it likewise "confers the right on the distributee to insist that his portion shall not be lessened by any *admission* of the personal representative." [5 Ala. R. 20; 3 Porter, 9; Boggs v. Br. B'k Mobile, 10 Ala. R. 974.]

3. "It was designed to present a perfect bar for the benefit of creditors or distributees." [10 Ala. R. 974.] "A claim not presented within eighteen months after it accrues, or after the grant of letters of administration, is forever barred." [Jones's Ex'rs v. Lightfoot, 10 Ala. R. 27.] "It is emphatically a statute of repose, and as any revival of the liability of the personal representative would necessarily impede the settlement of estates, such a revival is not permitted to arise out of his admission." [5 Ala. R. 20.] "The claim must be presented, or it is barred." [5 Ala. R. 591.]

Branch Bank at Decatur v. Hawkins, adm'r.

4. The statute is one which the administrator is bound to plead, or be personally liable. [6 Porter, 32; Gookin v. Sanborn, 3 N. H. Rep. 491. Vide further Burdett v. Drew, Ex'r, 8 Pick. 103; Evans v. Norris, 1 Ala. 511; Jones v. Pharr, 3 Ala. 283; Bank of Ala. v. Gibson's Adm'r, 6 Ala. 814; Tartt v. Travis, 8 Ala. 574.]

5. The analogy of the statute of limitations, even granting that an administrator's promise will take a case out of that statute, avails nothing. The law in that case provides that the promise takes the case out of the operation of the statute, but here it provides that presentation shall. And if a promise can defeat the statute of non-claim, by parity of reason, a presentation should defeat the statute of limitations.

6. But the promise of an administrator will not take a case out of the statute of limitations. [Doe, ex dem. Duval's Heirs, v. McLoskey, 1 Ala. 741; 1 Smith's L. C., Hare & Wallace's Notes, 436-7-8; Thompson v. Peter, 12 Wheaton, 565.] In the notes to Smith's L. C. supra, the rationale of the doctrine is very ably investigated, and the reasoning is conclusive to show that the promise of an administrator will not take a case out of the statute. See also the cases from Pennsylvania and Connecticut, there referred to. See also 8 Ala. 353, the reasoning of which is entirely consistent with 9 Ala. 502.

7. But there was no liability upon which to rest the promise. The presentation of the claim to the administrator being a pre-requisite, essential to revive the debt, which, after the death of the testator, was in abeyance until the creditor had done that which by the law he was bound to do.

Nooe and Kennedy, for defendants in error.

The only point in this case is, whether an administrator, by a promise to pay a debt barred by the statute of non-claim, can revive the debt so as to bind the estate which he represents.

That an express promise to pay a debt within the time prescribed by the statute, will remove the bar of the statutes of limitation. [See 2 Will. on Ex. 1384; Tullock v. Dunn, Ryan & M. 417; Hall, Wicks & Co. v. Darrington, 9 Ala. 502; Atkins v. Ludgold, 2 Barn. & Cress. 12; Newhouse &

Co. v. Redwood, adm'r, 7 Ala. 598; Lucas v. Thorington, 5 Ala. 504; St. Johns v. Garrow, 4 Porter, 223; Crawford, et al. v. Childress, ex'r, 1 Ala. (N. S.) 488.]

A promise by one of two administrators or executors, to pay a debt barred by the statute of limitations, binds the other. [6 Johns. 277; Head v. Manning, 5 J. J. Marsh. 225; 2 U. S. Dig. 385, § 582.]

Under plea of statute of limitations, defendant admitted the debt to be just, but said he did not think that his intestate intended he should pay it. Such evidence should be submitted to a jury as evidence of a new promise. [Bushnell v. Roby, 3 N. Hamp. 467; U. S. D. sup. 385.]

An admission of indebtedness by one of several administrators, will not entitle plaintiff to recover; but such evidence is proper as a link in the chain of evidence, and which, if not made by all, will be properly excluded by the court from the jury. [Forsyth v. Ganson, 5 Wend. 558; 2 U. S. Dig. 381, § 484, p. 382, § 505; see also McIntire v. Morris, 14 Wend. 90, as to powers of administrator to bind estate by admissions.]

It has been frequently decided, that an acknowledgment of a debt, barred by the statute of limitations, takes the case out of that statute, and revives the original cause of action. [3 Con'd U. S. Rep. 122; Clementson v. Williams, 8 Cranch, 72; Morrison v. Bell, 1 Peters, 351.]

The doctrine that a promise by one of two or more administrators will take a case out of the statute of limitations, as laid down above, is expressly overruled in Forsyth v. Ganson, 5 Wend. 558, and also in Caruthers & Kinkle v. Mardis, adm'r, 3 Ala. R. 599.] This only goes to sustain the doctrine, that the promise must be made by all, to bind the estate; and it follows necessarily, that a promise by a sole administrator will bar the act.

An acknowledgment within six years, by the executor or administrator of the debtor, that the debt is undischarged, will take it out of the statute of limitations, whether the creditor be living or not at the time of the acknowledgment. [Minot's Mass. Dig. 459, § 5; Baxter v. Penniman, 8 Mass. R. 133; Emerson v. Thompson, 16 Id. 428.]

An acknowledgment made to a stranger, in the absence of

the plaintiff, will take a demand out of the statute. [Minot sup. § 14; Whitney v. Bigelow, 4 Pick. 110.]

A promise within six years, by the guardian of a spend-thrift, to pay a debt due to the ward, will take the case out of the statute of limitations. [Manson v. Felton, 13 Pick. 206; Minot's Dig. 460, § 18.]

In the case of Duval's Heirs v. McCloskey, 1 Ala. 740-3-4, it is held, that the special, like general statute of limitations simply bars the remedy, but does not extinguish the debt.

By a *dictum*, they say, that in neither case will a promise by an administrator, to pay the debt, revive the remedy. They also state that the statute of non-claim was made, more for the benefit of the administrator than the distributees. [Peck v. Bottsford, 7 Cowen's Rep. 180; Thompson v. Peter, 12 Wheat. 565; 4 C. U. S. R. 649.]

This cause does not sustain the version given it by our supreme court, nor does it conflict with the general doctrine of the binding efficacy of an express promise in 2 Will. on Ex. 1384.

As to presentation—The legislature clearly intended that the administrator should be furnished with such vouchers, or reasonable evidence as might induce a belief that the claim was just. [Bigger's Adm'r v. Hutchings, 2 Stewart, 448.] The mere exhibition of the account which the creditor claims, is quite sufficient. [Mardis' Adm'rs v. Shackleford, 4 Ala. 503.]

ORMOND, J.—The decision of the court below, is attempted to be sustained in this court, on the supposed analogy between the statute of *non claim*, and the general statute of limitations. It is true, that the former is, in effect, a statute of limitations, as the omission to make presentation of claims, as required by law, in the language of the act, forever bars their recovery; but it by no means follows, that the analogy is complete. To prevent the bar of the statute of non-claim, the law requires an act to be done by the creditor, for which the promise of the administrator to pay the debt, cannot be an equivalent. Notwithstanding the general statute of limitations may have run against a debt, the debt still continues, and consequently the moral obligation to pay it

still exists, which will be a sufficient consideration for a promise to pay it. Not so with the statute of non-claim. The omission to do the act prescribed by the statute, extinguishes the liability of the estate for its payment. It is forever barred, and by necessary consequence, the promise of the administrator cannot revive it against the estate, for the benefit of which, and not of the administrator, the act was passed.

The received doctrine of this court, that an administrator, may bind the assets of the estate he represents, by a promise to pay a debt barred by the general statute of limitations, does not conflict with the view here taken. The administrater represents the intestate, and there is therefore nothing incongruous in permitting him to do what the intestate might have done had he lived, and which indeed, it might be the interest of the estate should be done; to prevent unnecessary litigation. But the statute of non-claim has no reference whatever to the moral obligation of payment. It does not refer itself to the administrator, as the organ appointed by law, to fulfil the duties left unperformed by the deceased; but has reference to the estate, and its speedy settlement. It prescribes a rule by which he is to be governed for the accomplishment of this object, and declares that all debts not presented to him, within the prescribed period, shall be extinguished.

Judgment reversed, and cause remanded.