McKINNEY, Surv. Partner, *vs.* BENAGH, Adm'r.

[ACTION TO RECOVER SUM DUE FOR ADVANCES, UNDER SECTION 1860 OF REVISED CODE, COMMENCED BY ATTACHMENT.]

1. *Lien for advances ; when may be enforced by attachment.*—A lien, created by contract, on the crop and stock of another for "advances" to assist in making the crop, is such a lien as may be enforced by attachment, as in case of attachment for rent.—Rev. Code, §§ 1860, 1858, 2961.
2. *Same ; when attachment not dissolved by death of defendant.*—In such a case, the attachment is but process to enforce the lien; and on the death of the defendant in such an attachment suit and the insolvency of his estate, the lien thus existing is not dissolved, as to the property attached subject to the contract lien. The court should enforce such lien by ordering the sale of such property, at the same time judgment is rendered for the debt or demand secured by the lien.

APPEAL from the Circuit Court of Limestone. Tried before Hon. JAS. S. CLARKE.

The facts are fully stated in the opinion.

WALKER & JONES, for appellant.
——— ———, *contra.*

PETERS, J.—This is an action of assumpsit commenced by attachment for "advances" to a laborer in making a crop, secured by a contract lien. There was a bill of exceptions taken on the trial below. From this it appears that the appellee's intestate entered into contract in writing with Crenshaw, McKinney & Vasser, partners, of whom the appellant is the survivor, as follows, to-wit :

"The State of Alabama, Limestone county. To all whom these presents may come : Know ye—that I, Samuel R. Wadsworth, of the county of Limestone and State of Alabama, of the first part, in order to make permanent and secure the payment of a certain sum of money, to-wit, one thousand dollars, to me duly paid in the necessary provis-

ions, such as bacon, corn, oats, &c., which said provisions have been advanced and delivered to me by Crenshaw, McKinney & Vasser, merchants, trading and doing business in the town of Athens, county and State aforesaid, under the firm name of Crenshaw, McKinney & Vasser, the receipt of which I hereby acknowledge, and which advances as aforesaid were (by) this party to this obligation obtained to enable him to cultivate and make a crop, and carry on his farming operations for the present year; and which is hereby declared in this obligation to be for the purpose aforesaid, and that the same is hereby obtained in good faith for the purpose of enabling the obligor to make his crop, and that the same was a necessary advance for said purpose. Now, the premises considered, the party of the first part hereby agrees and covenants with the said firm of Crenshaw, McKinney & Vasser aforesaid, for and in consideration of the advances above mentioned, they shall have and hold, and a lien is hereby given by this obligation to them upon the entire crop of every kind raised and made the present year, and also upon the following described property, to-wit: Two bay mare mules, two black mules, one gray mule, one gray horse, two bay horses, one sorrel horse, one black mare, and one gray mare. And power of sale is hereby given in default of payment of said sum, one thousand dollars, out of the proceeds of the crop so made and grown, as well as out of any of the property above mentioned. Witness my hand and seal, this 16th day of June, 1868.

"(Signed)          SAM. R. WADSWORTH, [seal.]"
"Witness: P. F. CRENSHAW."

This obligation was properly acknowledged and recorded as required by law.—Rev. Code, § 1859.

It further appeared, that on the 2d day of December, 1868, McKinney and Vasser, as plaintiffs, sued out an attachment against the estate of said Wadsworth for the sum of $471.24. Crenshaw had died, and the suit was brought by McKinney and Vasser, as surviving partners. The statement of the cause of action in the complaint is in the

words following, viz: The plaintiffs "claim of defendant the sum of four hundred and seventy-one dollars and twenty-four cents, due from him by account on, to-wit, the 16th day of June, 1868, for merchandise, goods and chattels sold by plaintiffs to defendant on, to-wit, the first day of January, 1868, at his request; which sum of money, with interest thereon, is now due. Said sum of money is secured by lien executed by defendant to plaintiffs on the 16th day of June, 1868."

The attachment thus issued was levied by the sheriff on the following named property of the defendant, said Wadsworth, that is to say: "One wagon, harness, and team of four mules; also, one black mule and one bay mule." This levy was made December 3d, 1868. The attachment was sued out to enforce the plaintiffs' lien arising under the contract above recited. The law authorizing such a proceeding is in the following terms, viz: "Any person having a lien on the crop and stock of another for advances to assist in making the crop, shall have the same rights and remedies to enforce such lien as landlords have in this State for collection of rents."—Rev. Code, § 1860. An attachment may be issued to collect rents and levied on the crop. Rev. Code, §§ 2961, 2962, 2963. After the issuance of the attachment in this case, the defendant, Wadsworth, died, and the suit was revived in the name of said Benagh, as his administrator. On the trial below, the insolvency of Wadsworth's estate was pleaded by the defendant and admitted by the plaintiffs. The defendant also pleaded, "that the death of the defendant Wadsworth dissolved the attachment, and destroyed the lien upon said property, and that the property levied on under said attachment could not be condemned to the satisfaction of said attachment, and that the judgment must be certified to the probate court, which plea is sustained by the court and the jury charged accordingly." Then a jury came and assessed the damages. Their finding and verdict is as follows: "We, the jury, find the property levied on under said attachment not condemned to the satisfaction of the same, and assess the plaintiffs' damages at the sum of five hundred, sixty-nine

and 75-100 dollars, and that this judgment be certified to the probate court." Upon this verdict the court entered judgment in these words: "It is therefore considered by the court that the plaintiffs recover against said defendant their damages aforesaid, in manner and form aforesaid assessed by the jury, besides the costs in this behalf expended, and that this be certified to the probate court of Limestone county for allowance."

It appears, also, from the bill of exceptions, that "it was admitted on the trial that the property levied on under the attachment is a part of the property mentioned and described in said lien." Upon this evidence, the court charged the jury, at the request of the defendant, "that the death of said defendant dissolved said attachment and destroyed the lien upon said property, and that the property levied on under said attachment could not be condemned to the satisfaction of said attachment." This charge was excepted to by the plaintiffs, and made a part of the record by bill of exceptions. The charge thus given and excepted to is the only error assigned by the appellant in this court.

I have set out the proceedings in the court below somewhat at length, because the case seems to be wholly new in our courts. On first examination of the questions arising in this cause, I was inclined to think that the only issues that could be made on the complaint were the issue of insolvency of the defendant's estate, and such issues as might be presented in answer to an action of assumpsit. Consequently no question could properly arise upon the lien growing out of the contract of the 16th day of June, 1868, or the levy of the attachment upon the property held under that contract. But on a more careful examination of the statute upon which this proceeding depends, it is obvious that the lien of the contract to make advances may become involved as a matter of inquiry in this suit, or in some other which would comprehend the identical same question. In whatever *forum* the matters involved may be litigated, there must be a debt for advances to make crops, and there must be lien by contract to secure the payment

for advances so made. The lien for payment can be enforced at law by attachment.—Revised Code, §§ 2961, 2962, 2963. And the remedy for the collection of rent is the same as that provided for the enforcement of the lien by contract for advancements to farmers and laborers. The court, in the former case, to justify this mode of exercising its jurisdiction, must be satisfied that the suit is for a rent debt in case of rent; and for a debt for advances to make crops, in case the suit is for a debt of that sort secured by a contract lien. The issues here were accepted as presented, without objection. They were, then, not improperly allowed.

The learned judge of the circuit court, in his charge to the jury, took this view of the statute, and made up the issues in a proper way, so as to settle the question both of debt and lien under the contract for advances to make the crop. But he failed to note the distinction between a lien by *law*, and a lien by *contract*. The former is dissolved by the death of the defendant and the insolvency of his estate.—*Lamar v. Gunter*, 39 Ala. 324; *Hale v. Cummings*, 3 Ala. 398. But this is not the case in the latter instance, where the lien grows out of contract, and the attachment is resorted to only as a means to enforce the lien, and does not create it. The lien in this case is a security for the payment of the debt contracted for advances to make the crop. It is a lien not of law, but of contract, and the attachment is a mode provided by law to enforce it. To dissolve the lien in such a case would be to violate the obligation of the defendant's contract. This is not permitted. The learned judge, then, erred in his charge, and for this error the judgment must be reversed and the cause remanded.

But it is well to add that the judgment should be for the amount of the damages assessed by the jury in favor of the plaintiffs, together with costs; and the estate of the defendant having been declared insolvent, the court should order that no execution issue on such judgment, but that the same be certified to the probate court of said county of Limestone, as required by law.—Revised Code, § 2209.

The court should also order that the property so attached and liable under said contract lien for advances to make the crop, should be sold by the proper officer and the proceeds of said sale applied to the satisfaction of said judgment, and the balance, if any, paid over to the administrator of the estate of said Wadsworth, deceased. This order may be executed by writ of *venditio exponas*, as in case of goods levied on and remaining in the hands of the officer unsold.—Rev. Code, § 2868. And if the property attached has been replevied by the defendant, then the court will proceed upon the replevy bond as in like cases of attachment.—Rev. Code, § 2964; *Mitchell v. Ingram*, 33 Ala. 395. This opinion is confined to the facts set out in the record.

The judgment of the court below is reversed, and the cause remanded for a new trial.