# McDonald's Administrator *v.* Morrison.

### *Action for Recovery of Rent, commenced by Attachment.*

*Landlord's lien on crop, for rent, not destroyed by tenant's death, and insolvency of his estate.* — The landlord's lien on crops grown on the rented lands, for the rent of the current year, as declared by the statute (Rev. Code, § 2961), is not created by the levy of an attachment, but grows out of the contract; and if the tenant dies after the levy of an attachment, and his estate is declared insolvent, the lien of the attachment is not thereby dissolved or destroyed.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JOHN ELLIOTT.

J. F. CLEMENTS, for appellant, cited *Lamar* v. *Gunter*, 39 Ala. 324, and cases referred to in the opinion of the court on pages 332–3.

W. F. WITCHER, with whom were FITZPATRICK & WILLIAMSON, cited *McKinney* v. *Benagh*, decided at the June term, 1872, and now reported in 48 Ala. 358.

PETERS, C. J. — This is an action of debt for rent, commenced by attachment. It was commenced by Morrison, the appellee in this court, against McDonald, who died before judgment in the court below; and the suit was revived in the name of Hunter, as the administrator of the estate of McDonald. The sheriff levied the attachment on a certain quantity of corn, which had been raised on the rented premises by McDonald during his term. This corn was sold by order of the court, and the proceeds in money were held by the sheriff, to await the termination of the suit for rent. In the mean time, before this sum realized from the sale of the corn so attached was paid over to the plaintiff in the attachment, or into court for that purpose, the estate of McDonald was

[Ryall v. Marx.]

declared insolvent by proper order and decree of the court of probate. It also appears that the sheriff was also the administrator of the estate of said McDonald, and held the sum aforesaid, which amounted to $332.80, in his hands as such sheriff. After judgment in his favor for said rent debt, "The plaintiff made a motion to the court, that the court order the condemnation of said money in the sheriff's hands to the payment of plaintiff's judgment, and that said sheriff pay over to the plaintiff the said sum in his hands, except the costs of suit. To the granting of this motion the defendant objected, on the ground that the decree of insolvency of said estate by said probate court destroyed the lien created by the levy of plaintiff's said attachment, and that said judgment should be referred to the said probate court for its *pro rata* share of said estate to be administered in said probate court as an insolvent estate." This is the statement of the case in the bill of exceptions. The court overruled the objection thus made, and granted the motion of the plaintiff, and ordered the moneys in the sheriff's hands to be paid in satisfaction of the plaintiff's judgment. To this the defendant below excepted, and this is the error assigned on appeal in this court.

The question here presented has already been determined by this court. The landlord has a lien on the crop grown on rented land, for the rent for the current year. This is a lien which grows out of the contract, and the process of attachment is allowed to enforce this lien. Rev. Code, § 2961. It is not created by the levy of the attachment, and it is not dissolved by the death of the defendant and the insolvency of his estate, so far as the crop grown on the rented land is concerned. *McKinney* v. *Benagh*, June term, 1872; head-notes, p. 68.

There was no error in the judgment of the court below. It is, therefore, affirmed.