# Grady et al. v. Hall.

*Suit on an Attachment Bond.*

1. *A person advancing money to make a crop, can enforce his lien by attachment.*—When provisions, stock or money have been advanced to make a crop, and the person obtaining them acknowledges the advances in a note or written obligation, declaring therein the purposes for which such advances were made, and the instrument is properly recorded within sixty days, it is a lien on the crop and on the stock furnished or bought with the money advanced; and the party advancing the money, or supplies, has a remedy co-extensive with that given the landlord and can enforce the lien by attachment.

2. *Such a lien is not lost, by the character of the instrument that evidences the debt.*—Such a lien is not impaired or destroyed by the fact that the same instrument contains a mortgage on the same property to secure the same debt.

APPEAL from the Circuit court of Etowah.

Tried before the Hon. W. L. WHITLOCK.

This suit was begun by James Hall, at the fall term, 1876, of the Circuit Court of Etowah county, to recover damages for the breach of an attachment bond made by Mary Grady, Elizabeth Grady, J. C. Abney and A. J. Blair. The defendants then pleaded, " in short, by consent, *first, non-assumpsit; second,* covenants performed; *third,* that the said attachment was not sued out wrongfully, or vexatiously, or maliciously, or without probable cause."

On the trial, the defendants offered in evidence the following instrument:

" The State of Alabama, Etowah county. Know all men by these presents, that having this day received from Mary A. Grady eighty-five dollars advanced in money, or its equivalent in a good young mare, and having given my note bearing even date with this instrument, and due on the 25th of December, 1875, for said sum of money, I, James Hall, do hereby declare that such advance was obtained by me *bona fide,* for the purpose of making a crop the ensuing year, on William Grady's plantation, in Etowah county, and that without the same it would not be in my power to procure the necessary team, provisions and farming implements to make a crop; and in consideration of said advance and to secure the same, I hereby grant, bargain, sell and convey to the said M. A. Grady the entire crop of cotton and corn, and everything else which may be produced by me on the said W. Grady's plantation the ensuing year, and also the following property, viz.: the said mare above mentioned. But this conveyance is on the following condition : If I fail to pay the said note on or before the said 25th day of December, 1875, when the same falls due, then the said Mary A. Grady is authorized to take possession of said property above conveyed, or any of it, and is also authorized, after giving thirty days notice of the time and place of sale in some newspaper published in or nearest to said county, to sell the same to the highest bidder, for cash, at the residence of the said J. Hall, and to execute title to the purchaser, and of the proceeds to pay, first, the expense of seizing, advertising, selling and conveying; and secondly, the amount with interest that may be due and unpaid on said notes; and lastly, shall return any surplus of the proceeds to the undersigned." This instrument, dated December 28th, 1874, was duly executed, acknowledged and deposited with the judge of probate for

[Grady v. Hall.]

record within sixty days after its execution and was properly recorded.

The defendants introduced evidence showing that the plaintiff had sold all the "corn crop" produced on the said plantation, and that the purchaser was gathering the corn, and had hauled off a part of it without the consent of Mary A. Grady; that he had traded off the mare before the issue of the attachment, "for the wrongful and malicious suing out of which the suit was brought;" and that the said note was unpaid at that time.

The court, *mero motu*, charged the jury "that the instrument read in evidence before them, executed by the plaintiff to the defendant on the 24th of December, 1874, was not an advance lien, or such an instrument as would authorize the suing out of an attachment on." And the defendants excepted to this charge. They then requested the court to give the following charges, which were in writing, to the jury: "That if they believe, from the evidence, that the plaintiff made and executed to the defendant, Grady, the written instrument read in evidence to them; and further, that the plaintiff was about removing the corn crop grown on premises during the year 1875, by him, therefrom without the consent of said Grady, and without paying said note described in said instrument, then she had a right to sue out an attachment on said instrument;" which charge the court refused, and the defendants excepted.

The defendants also requested the following charges, which were in writing: "That if the jury believe, from the evidence, that the plaintiff had removed the crop, or any portion thereof, grown by him in 1875, on the premises described in said instrument, then she had a right to sue out an attachment. If the jury believe, from the evidence, the plaintiff had traded the mare mentioned in said written instrument, and without paying said note, there was good ground for an attachment." These charges the court refused to give, and to the refusal of each the defendants separately and severally excepted.

JAMES AIKEN, and J. H. DISQUE, for appellants.—The instrument on which the attachment was issued created a "crop lien," and complies with the requirements of the statute.—Revised Code, § 1858 *et seq.* The attachment was issued before the law day, and while the crop was in the field ungathered.—48 Ala. 358; 51 Ala. 434; *Watson v. Auerbach*, 57 Ala. 353.

[Grady v. Hall.]

J. L. CUNNINGHAM, and M. J. TURNLEY, for appellees. 1. The mortgage deed does not create a crop lien; it is not a note or other written obligation given for advances in the terms of the statute.—Code, § 1858 *et seq.* It was, in fact, a mortgage given to secure the payment of the debt.

2. The note is not set out in the deed, and the court can not infer that it complied with the statute so as to give it a statutory advance lien.—50 Ala. 49. The authorities relied on by the appellants do not sustain them. The mortgage deed in this case can not be construed to be a note or obligation given to secure advances, although it may contain all the elements of a statutory lien.—51 Ala. 434. The note or obligation for the payment of advances claimed, is shown in this case.—Authorities, *supra*.

3. The appellee insists that the acceptance of the deed was a waiver of a lien for advances, even if any would otherwise have existed. The deed is clearly a mortgage.

STONE, J.—The instrument brought to view in the bill of exceptions, given by appellees to appellant, and bearing date December 28, 1874, conforms to the requirements of section 3286 of the Code of 1876; and being recorded in the county within sixty days after its execution, is a "lien on the crop, and on stock bought with the money, or advanced." And the person thus advancing is armed with the right to sue out attachment to enforce this lien, co-extensive with the right of landlords to sue out such process for the collection of rent.—Code of 1876, §§ 3288, 3472; *Watson v. Auerbach*, 57 Ala. 353.

This lien, being conferred by the statute and the contract, is not destroyed or impaired by the fact that the same instrument contains a mortgage on the same property, to secure the same debt. Each of the securities can stand, and they are not incompatible; but a resort to one would render it improper to resort to the other at the same time, for the purpose of subjecting the same property to the payment of the debt.—See *Gafford v. Stearns*, 51 Ala. 434; *McKinney v. Benagh*, 48 Ala. 358.

The rulings of the Circuit Court are in conflict with these views, and it follows that the judgment must be reversed and the cause remanded.