# Warten *v.* Matthews.

*Bill in Equity. by Creditors, to have Mortgage Declared and Enforced as General Assignment.*

80　429
101　307

80　429
138　292

1. *Retroactive statutes.*—A retroactive operation will not be given to a statute, unless the legislative intent that it shall so operate is clearly expressed, or so clearly implied as to amount to an express declaration.

2. *Same; mortgage operating as general assignment.*—A mortgage conveying substantially all of a debtor's property, though given to secure a debt contemporaneously contracted, was declared and enforced as a general assignment, enuring to the benefit of the creditors equally (Code, § 2126), prior to the amendment of that statute, which excepts them from its operation (Sess. Acts, 1882–83, p. 189); and the amendatory law, not clearly appearing to have been intended to be retroactive in its operation, will not be construed to apply to mortgages executed prior to its enactment.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 12th April, 1884, by Henry Warten, as a creditor of Luke Matthews, against the said Matthews, together with A. C. Legg and W. B. Tanner, the latter being sued both individually and as trustee; and sought to have two mortgages, executed by said Matthews to said Legg and Tanner respectively, declared and enforced as a general assignment, enuring to the benefit of all the creditors of said Matthews equally. The mortgages, copies of which were made exhibits to the bill, were each dated February 19, 1883, and conveyed the same lands. The mortgage to Legg recited as its consideration an indebtedness of $ 2,500, "money this day borrowed," as evidenced by promissory note of the same date, payable the 19th February, 1884; and the mortgage to Tanner, which recited the prior existence of the mortgage to Legg, was given to secure a prior indebtedness of $953 due March 1, 1884. The bill alleged that Matthews was indebted to the complainant, at the time these mortgages were executed, on balance of account contracted in 1882, and account contracted in the early part of the year 1883, in the sum of more than $2,000; that he was also indebted to other persons, in amounts unknown to complainants, and was in fact insolvent; and that the lands conveyed by said mortgages "was and is substantially all the property owned by said Matthews."

The defendants filed a joint and several demurrer to the bill,

[Warten v. Matthews.]

assigning thirteen specific grounds of demurrer; one of which was, "that the bill shows on its face that the mortgage to said Legg was executed in consideration of money advanced and paid by said Legg to said Matthews contemporaneously with the execution of said mortgage." The chancellor sustained the demurrer as to Legg, but without stating on what ground, and overruled it as to the others. The complainant appeals from this decree, and assigns as error the sustaining of the demurrer in favor of Legg.

CABANISS & WARD, and W. R. FRANCIS, for appellant.

McCLELLAN & McCLELLAN, *contra.*

SOMERVILLE, J.—Section 2126 of the Code of 1876, prior to amendment, read as follows: "Every general assignment made by a debtor, by which a preference or priority of payment is given to one or more creditors over the remaining creditors of the grantor, shall be and enure to the benefit of all the creditors of the grantor equally." On February 23, 1883, this section was amended by the General Assembly, by adding the following clause: "but this section shall not apply to, or embrace, mortgages given to secure a debt contracted contemporaneously with the execution of the mortgage, and for the security of which the mortgage was given." Acts 1882–83, p. 189.

The purpose of this amendment, very clearly, was to obviate the construction placed on section 2126 by this court in *Shirley v. Teal*, 67 Ala. 449, and again in *Danner v. Brewer*, 69 Ala. 191, where it was held that the section did apply to mortgages given to secure a debt contracted contemporaneously with the execution of the mortgage. The mortgage sought to be declared a general assignment in this case was executed on February, 19, 1883, or four days prior to the date of the above amendment. The chancellor construed the amendment to be retrospective, so as to be applicable to this case. This, we think, was erroneous.

There is no clause, it is true, in our Constitution, which forbids legislation merely because it may be retrospective, without its being obnoxious also to other objections. But, inasmuch as legislation of this character is very liable to abuse, and frequently oppressive in its effects, the courts have uniformly adopted the rule, that statutes should generally be construed to operate in the future only, unless the legislative intent appears clear from their terms that they are to have a retrospective operation. Cooley's Const. Lim. (5th Ed.) 456, *370. Especially is this the case, where the tendency of a statute is to

impair or destroy vested rights which may have been previously acquired. Sedgwick on Stat. and Const. Law. (2nd Ed., Pomeroy), 161, *note*, 346. The rule is often stated to be, that such a construction, when it operates to take away vested rights, whether legal or equitable, is not to be admitted, "unless the implication is so clear as to be equivalent to an explicit declaration."—*Osborn v. Nicholson*, 13 Wall. 654, 662.

We do not doubt that the complainants, as creditors of the mortgagor, acquired valuable vested rights under the mortgage in question, which could not be taken away by subsequent legislation. They acquired an equitable title or lien which enured to their benefit through the influence of section 2126 of the Code. This lien is not like that of an attachment or judgment, which is created by law, and may be abrogated in like manner. But it springs out of the contract of assignment, having its peculiar character impressed upon it by the statute, just as the lien of a landlord for rent springs from the contract of renting, although given by statute.—*Knighton v. Curry*, 62 Ala. 404; *Dallas County v. Timberlake*, 54 Ala. 403; *McDonald v. Morrison*, 50 Ala. 30.

The mortgagee, or trustee, represents the creditors, taking and holding for them in trust the legal title. The conveyance of the property being a benefit intended for the creditors of the grantor, no express acceptance of it is requisite, but their assent is implied. When such conveyance is a general assignment, by reason of having transferred substantially all of the debtor's property, it is such by reason of the attendant facts existing at the time of its execution, and not by reason of any decree of a court so declaring it, upon judicially ascertaining the truth of such facts. The effect of the statute is "to engraft upon it a trust for the benefit of all creditors." *Danner v. Brewer*, 69 Ala. 191, 200; *Perry Ins. & Trust Co. v. Foster*, 58 Ala. 502, 522.

The necessities of this case do not require us to decide that, if the amendment under consideration could be construed to be retrospective, it would be liable to several serious constitutional objections, as materially impairing and lessening the value of an existing contract; or as taking away the citizen's private property without due process of law, and without just compensation. *Edwards v. Williamson*, 70 Ala. 145; Sedgwick on Stat. & Const. Law (Pomeroy), 346. It is sufficient for us to decide, as we do, that this amendatory statute has no retrospective operation, so as to affect general assignments made before the date of its enactment. It must be construed to be prospective only.

We have examined the other grounds of demurrer, and consider them not to be well taken.

Reversed and remanded.