145 So. 318

### ARBO v. STATE BANK OF ELBERTA.
#### I Div. 736.

Supreme Court of Alabama.
Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Gordon, Edington & Leigh, of Mobile, for appellant.

Elliott G. Rickarby, of Mobile, for appellee.

**FOSTER, J.**

The question in this case is whether the failure to comply with the statute of nonclaim (section 5815, Code) prevents the enforcement of the lien provided for in section 7000, in favor of a corporation against its stockholders on their shares of stock to collect a debt for borrowed money. The suit is in equity, and the claim was not filed or presented so as to comply with section 5815, Code. The chancery court held that the lien is enforceable on the stock.

Appellant seeks to apply a distinction drawn in some of the cases between a lien created by law and one created by contract, in that the former is dissolved by the death and insolvency of the debtor, but not so as to the latter. McKinney v. Benagh, 48 Ala. 358, 362; Long v. King, 117 Ala. 423, 431, 23 So. 534.

But when we analyze the holding as to such liens we find that the lien which is said thus to die is not such as grows out of a contract, though declared by law, as one which the law creates to secure a debt under stipulated circumstances. In McKinney v. Benagh, supra, it was held that a landlord's lien to secure advances to a tenant to make the crop is not within this definition of a statutory as distinguished from a contract lien. When a contract is made with no expressed stipulation for a lien, but under circumstances where the law establishes one, it is as though the parties had thus expressed in their contract. To have a different effect it must be so agreed. Such a lien is one which springs from a *contract*, though the contract makes no reference to it. McDonald's Adm'r v. Morrison, 50 Ala. 30.

But those which are said to die with the death and insolvency of defendant, and not allowed to be revived, are such as are created by the institution of certain proceedings, when they did not otherwise exist, as by garnishment, or attachment, and which do not survive the death and insolvency of defendant, because when a judgment is rendered against the administrator of an insolvent estate, the court does not order an execution on such judgment, but orders that the same be certified as an established claim to the probate court of said county. McKinney v. Benagh, supra, page 362 of 48 Ala., McEachin v. Reid, 40 Ala. 410. The lien is said not to be lost by the death of defendant, but by the judicial declaration that his estate, after his death, is insolvent. Phillips v. Ash's Heirs, 63 Ala. 414; Woolfolk v. Ingram, 53 Ala. 11, 16; Lamar v. Gunter, 39 Ala. 324; Hale v. Cummings, 3 Ala. 398.

In Halfman's Ex'x v. Ellison, 51 Ala. 543, it was held that when a creditor's bill is filed by a simple contract creditor, to set aside a fraudulent conveyance, it cannot be continued if the debt is barred by the statute of nonclaim, because "the fraudulent donee is to be taken and deemed as an executor de son tort" —that he is therefore entitled to prefer any defense to the debt which the rightful administrator could set up. The lien created by law upon the filing of the bill was not discussed. McCarty v. Robinson, 222 Ala. 287, 131 So. 895.

Of course, if the lien sought is statutory, and does not arise out of contract, and does not exist after a contingency provided by law, it cannot be enforced after such contingency has occurred. But a lien is a property right when it grows out of contract, though provided by law, and usually survives the death and insolvency or bankruptcy of the debtor.

This court has through a long line of cases held that though the failure to present the claim as a debt against the estate bars its collection out of the estate as a simple creditor, it does not prevent the enforcement of a lien contracted to secure it. Duval's Heirs v. McLoskey, 1 Ala. 708; Flinn v. Barber, 61 Ala. 530; Smith v. Gillam, 80 Ala. 296; Traweek v. Hagler, 199 Ala. 664, 667, 75 So. 152; Rives v. Cabel, 213 Ala. 206, 104 So. 420.

But appellant argues that a different result follows when the effort is to enforce a lien created by law, such as this one is claimed to be, because of the argument that the statute of nonclaim not only bars the collection of the debt but nullifies and destroys it, and in that respect is distinguished from the bar of the statute of limitation. To this we say, it is essentially a lien created by contract though declared by law, and there is no distinction in principle such as argued, between it and one which the debtor expressly creates.

To the argument that the statute of nonclaim is more than a statute of limitations and cancels the debt, not merely the remedy, as held in some of our cases (Branch Bank at Decatur v. Hawkins, 12 Ala. 755; Halfman's Ex'x v. Ellison, 51 Ala. 543, 545), it is only necessary to say that this aspect of the effect of the statute was not overlooked in Smith v. Gillam, supra, in which it is pointed out that the discharge of the debt by operation of law does not affect it except as against the *debtor*, but not as against a surety who continues liable for it, and not so as to prevent

the enforcement of liens for its security. That case also cites Flinn v. Barber, 61 Ala. 530, to the effect that the lien created by law in favor of a vendor to secure the purchase price is not affected by the statute of nonclaim; though this is a lien not included in the stipulations of a contract.

We take it that the questions submitted on this appeal have long since been correctly determined in favor of the ruling of the chancery court.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.