4 So.2d 730

### WINSTON et al. v. WINSTON.

2 Div. 175.

Supreme Court of Alabama.

Nov. 21, 1941.

Ira D. Pruitt, Geo. O. Miller, and Wilbur E. Dearman, all of Livingston, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellees.

**BROWN, Justice.**

This appeal is from an interlocutory decretal order of the circuit court, sitting in equity, overruling the demurrer of the defendants, Mary Lewis Winston and Priscilla Ann Winston, addressed "to the bill of complaint filed in said cause, and to each and every paragraph, phase and aspect thereof."

The bill is by the appellee, C. H. Winston, as the administrator of the estate of Dan M. Winston,·deceased, seeking the removal of the administration of the estate from the Probate Court of Sumter County, into the Circuit Court in equity, and the approval of the complainant's dealings with and disposition of the assets of the estate, and a final settlement thereof.

The last-named defendant is a minor and is represented by guardian ad litem, appointed by the court. The defendants above named and in the order named are the widow and the only heir at law of said decedent. The sureties on the administrator's bond are made parties defendant.

The bill avers that the said Dan M. Winston, a resident citizen of Sumter County, died intestate in November, 1939, leaving surviving him his widow and infant daughter, the appellants, and in due course the appellee at the instance and request of the widow was appointed as the administrator of his estate, which was insolvent, collected the assets, converted them into cash and applied them in the settlement of certain undisputed claims, paying over to the widow a sum of money due as salary to the decedent at the time of his death, and which was the only asset or fund of said estate free of liens or affected with trust for the payment of specific debts.

That at the time of the death of the said Dan M. Winston he was indebted to McMillan & Company, Bankers, Livingston, Alabama, in the sum of $5,790.33, which said indebtedness was evidenced by promissory waive notes by the said Dan M. Winston and were payable to McMillan & Company, Bankers on several dates; that all of said notes were secured by chattel mortgage on one 1939 model Plymouth Sedan, and all rents due Dan M. Winston as landlord for any tenant in said county during the year 1939, said mortgage containing the usual clause carried in a chattel mortgage as to the method of foreclosure in the event of default.

That one of said notes above mentioned was an indebtedness in the sum of $1,080, which was executed by Dan M. Winston to McMillan & Company, Bankers, on account of the following circumstances:

The mother of Dan M. Winston, Annie H. Winston, owned a farm in Sumter County, Alabama, on which she, the decedent, the respondents, Mary Lewis Winston and Priscilla Ann Winston, resided. Said farm was mortgaged to the Federal Land Bank of New Orleans with a second mortgage to the Land Bank Commissioner. Installments were to become due on said mortgage and the 1939 taxes were due in the fall of said year, which said indebtedness aggregated the sum of $1,080. That it was agreed between Annie H. Winston and the decedent that the amount borrowed from McMillan & Company, Bankers, would be secured by certain personal property belonging to Annie H. Winston, consisting of cattle and mules, and that pursuant to the agreement said money was borrowed and placed to

the account of Dan M. Winston, to be used in paying installments due on the farm mortgages and the taxes. That Dan M. Winston died before making all of such payments, but prior to his death paid the installment due to the Land Bank Commissioner, but failed to pay the taxes for the year 1939 and the installment due to the Federal Land Bank.

That the note in the sum of $3,180 was signed by W. T. Mitchell and said note was a renewal of an indebtedness incurred by Dan M. Winston on May 8, 1934, at which time the said Dan M. Winston desired to borrow said sum of money from said bank and the bank agreed to lend it to him, provided W. T. Mitchell would execute said note as his surety, and that W. T. Mitchell did execute said note as his surety, provided Dan M. Winston would insure his life in the sum of $3,000 for the benefit and protection of W. T. Mitchell, and the said Dan M. Winston did agree to do so, and that the said Dan M. Winston did insure his life during the latter part of the year 1936, or the early part of the year 1937, by a policy in the amount of $3,000, with the New York Life Insurance Company, which policy was made payable to the administrator or executor of the estate of Dan M. Winston. Shortly thereafter said policy was delivered to James A. Mitchell by Dan M. Winston.

That in addition thereto said decedent owed numerous other accounts and four of his creditors filed claims against his estate, as provided by law.

That the only property in which said decedent at his death had any interest was his interest in his automobile which was subject to a mortgage and the sum of $519.61 to his credit in a general deposit account with McMillan & Company, Bankers, subject to check, the sum of $127.67 due him as a salary from his employer and an indebtedness due by five or six tenants in the sum of $119.08 and the sum of $2,986.29, which was due on his insurance policy.

That a short time after the death of Dan M. Winston, his widow and his mother requested the complainant to administer upon the estate of said decedent and the complainant did qualify and execute his bond in the sum of $600 payable to M. E. McConnell, Judge of Probate, Sumter County, Alabama, to secure the faithful performance of his duties as said administrator. Shortly after the death of Dan M. Winston, the respondent, Mary Lewis Winston, and Annie H. Winston had a conference with the complainant in this cause to discuss the condition of said decedent's estate. That at this conference Mary Lewis Winston advised the complainant of numerous obligations owed by her deceased husband, and that she went to McMillan & Company Bankers, and examined the notes owed by Dan M. Winston to said bank. She thereupon requested the complainant to pay said accounts, and that it was agreed between the complainant and said respondent, Mary Lewis Winston, that the creditors of said estate not file claims against the same, but that the debts be paid without claims being filed, in order to save expense of administration.

That the complainant also discussed with Mary Lewis Winston the question of the disposition of the proceeds of the insurance policy and that the respondent, Mary Lewis Winston, authorized and directed the complainant herein to collect the proceeds of said policy and apply the proceeds to the payment of the note, and signed and delivered to complainant an instrument in writing, to that effect which instrument is fully set out in the bill of complaint.

That during said conference the respondent, Mary Lewis Winston, authorized the complainant herein to dispose of the automobile of her deceased husband and Annie H. Winston authorized the complainant to sell all her personal property for the payment of the debts of said decedent.

That after making said agreement the complainant herein proceeded to collect the assets of the estate of his deceased brother and pay the obligations due by said decedent without the filing of claims and he proceeded to sell said automobile at private sale; that he collected the proceeds of the insurance policy and paid it to McMillan & Company, Bankers, that he proceeded to sell the cattle belonging to Annie H. Winston and the sums derived therefrom, together with the sum of $235.72 contributed by complainant, paid the obligations due by Dan M. Winston.

That when the complainant filed his statement of account for final settlement in the probate court of Sumter County, Alabama, he learned that Mary Lewis Winston and Priscilla Ann Winston, acting by and through the guardian ad litem, intended to contest said accounts and seek to charge him with the amount received from the insurance policy, the amount of $519.61, which was standing to the credit of said

decedent at the time of his death in McMillan & Company bank, and the sum of $119.08 received from accounts.

That complainant was advised that the proceeds of the insurance policy were subject to an equitable lien to secure the note in the sum of $3,180 executed by Dan M. Winston and W. T. Mitchell to McMillan & Company, Bankers, or that the proceeds of said policy when collected by him, were held in trust for the purpose of paying the notes; that he was advised that McMillan & Company, Bankers, had a banker's lien on the sum of $519.61 standing to the credit of said decedent, at the time of his death, or that said sum was held in trust for the purpose of paying the Federal Land Bank and the taxes on the land owned by Annie H. Winston, and that the sum of $119.08 received by him by virtue of accounts due to Dan M. Winston was held in trust subject to the indebtedness due to McMillan & Company, Bankers.

The balance of $519.61 to the credit of decedent in the bank at the time of his death was part of the loan secured to pay the installment on the mortgage to the Federal Land Bank and the taxes, on the mother's property, and secured by the mortgage on her personal property.

Complainant qualified as administrator of his brother Dan's estate at the request of Dan's widow, the defendant Mary Lewis Winston, and his mother, and they agreed on the course which he would pursue with reference to the administration of the estate.

In accordance with this agreement, complainant collected the unpaid salary of $127.67 due Dan Winston and paid it to the widow; collected the proceeds of the insurance policy and the accounts owed by the tenants and sold the automobile at private sale with the consent of the bank for $475. With this money and with the sum of $519.61 in the bank to Dan M. Winston's credit, and with the aid of $235.72 which complainant furnished personally, and with the aid of $2610.33 which the mother of complainant and Dan M. Winston advanced, complainant paid the bank in full, and paid all other creditors and also the encumbrance on his mother's property which Dan M. Winston had agreed to pay from the proceeds of the loan he procured from the bank on the security of his mother's property.

Upon the filing of the bill, which is sworn to by complainant, the same was presented to the court and an order was entered removing the administration from the Probate Court to the Circuit Court as prayed.

In the separate demurrers filed by the two defendants, appellants here, more than a hundred grounds are assigned, but the questions presented are few.

The major contention of appellants is that the administrator committed a devastavit by the use of the balance on deposit in the bank to the credit of the decedent; money collected from tenants, due for advances made by decedent, the proceeds from the sale of the automobile, and the money collected on the insurance policy, in the payment of the indebtedness to the bank, the installment due on the mortgage to the Federal Land Bank and the state and county taxes on the property of decedent's mother, none of which were filed as claims against the estate.

Taking as true the allegations of the bill, as must be done on demurrer, the balance to the credit of the decedent in the bank was, in equity and good conscience, not his property but was impressed with the trust to be used for the purposes for which it was procured, and the decedent as to it was a trustee in invitum, and this trust was not affected by the statute of non-claim. Code 1940, Tit. 61, § 211. Fretwell et al. v. McLemore et al., 52 Ala. 124; Arbo v. State Bank of Elberta, 226 Ala. 52, 145 So. 318; King v. Porter, 230 Ala. 112, 160 So. 101.

The insurance policy was procured by the decedent in pursuance of an agreement on his part, to take it out as indemnity of the surety on his note, and the bank, and under well-settled principles that equity regards as done that which ought to have been done, the proceeds thereof in the hands of the administrator was subject to the parol trust or equitable lien for the payment of the specific debt due the bank. 26 C.J. 442; City Bank & Trust Co. v. Gardner, 225 Ala. 136, 142 So. 535; Lashley et al. v. Lashley et al., 212 Ala. 255, 102 So. 229. See, also, 92 A.L.R. 559, Note.

The debts due the decedent from his tenants and the automobile were covered by a chattel mortgage given by decedent to the bank, and these assets were disposed of with the consent of the bank, and the proceeds applied on the debt secured by the mortgage.

50

■ The only fund or asset of the estate not affected by a trust or lien was the balance of unpaid salary due the decedent at the time of his death, and this was collected by the administrator and turned over to the widow for the use of herself and the minor child, as provided by the statute. Code of 1923, § 7924, Code of 1940, Tit. 7, § 667.

■ The bill is not without equity, and is single of purpose—to remove the administration of the estate from the Probate Court into the Circuit Court, in Equity, for final settlement—and the circumstances disclosed by the allegations of the bill show a special equity in the administration for the removal. Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207; Norris et al. v. Commercial Nat. Bank of Anniston, 231 Ala. 204, 163 So. 798.

The bill was not subject to any of the stated grounds of demurrer, and the decree overruling the separate demurrers of the appellants is due to be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.