181 So.2d 93

**TITLE INSURANCE COMPANY,**

v.

**Clarinda WARD.**

**TITLE INSURANCE COMPANY,**

v.

**James A. BENJAMIN.**

1 Div. 270, 270–A.

Supreme Court of Alabama.

Sept. 30, 1965.

Rehearing Denied Dec. 9, 1965.

Chas. B. Bailey, Jr., and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant.

Maurice A. Downing, Mobile, for appellee Benjamin.

## PER CURIAM.

These two appeals, here consolidated by agreement, originated from two identical decrees of the circuit court of Mobile County, in equity, denying relief to appellant in its cross-bills in and to some realty in which appellees asserted an interest by virtue of money loaned by a Mrs. Hackmeyer to the owner of the realty.

We will not burden this opinion with a description of all the multiple pleadings nor with a delineation in detail of all the factual angles, but will refer to so much as are pertinent to adjudge the several assignments of error, all of which are identical in both appeals.

It appears from the evidence and the factual findings of the trial court that Aileen Maxcine Ferrell (Lewis), who died intestate in 1960, borrowed from Mrs. Lea Marie Hackmeyer the sum of $3400.00, executing a promissory note therefor, dated October 13, 1960, and on the same date executed a purported mortgage on her realty as security for the debt.

It developed that Mrs. Ferrell (the note and mortgage bearing the name of Aileen Ferrell, a widow) was married to appellee Lewis, such marriage having taken place in 1957. The trial court made a finding of fact that Mrs. Ferrell was married to Mr. Lewis. The evidence amply supports this finding.

Mrs. Hackmeyer duly transferred and assigned the note and mortgage to appellant, Title Insurance Company, on August 4, 1962. (We will hereafter refer to the transferee as "Title Insurance.") The transferee initiated foreclosure proceedings, under the power of sale, and duly advertised the sale for September 15, 1962.

Thereupon, on September 14, 1962, one James A. Benjamin, a son of Mrs. Aileen Ferrell Lewis by one of her former marriages, and her sole heir along with her husband, Mr. Lewis, filed his suit in the circuit court of Mobile County, in equity, to enjoin the foreclosure, on the ground that the purported mortgage for which foreclosure proceedings were in progress, was void because his mother, the mortgagor, was a married woman when the instrument sought to be foreclosed was executed, and that her husband, respondent Lewis, did not join in its execution. The court granted a temporary injunction against foreclosure. This suit was subsequently consolidated with another suit in equity as here shown on appeal, and the injunction made permanent.

It appears from the evidence that Mrs. Aileen Ferrell Lewis and her husband, respondent Lewis, lawfully bargained and sold part of the same lot described in the mortgage to Mrs. Hackmeyer to Clarinda Ward, who executed a series of installment notes in payment of the purchase price. When some remaining installments, totalling $750.00, were not timely paid, Mr. Lewis, the surviving husband of Aileen Ferrell Lewis, who had died sometime before, instituted suit against Mrs. Ward to collect the unpaid notes. The suit was instituted in his fiduciary capacity as administrator of the estate of his wife, and also in his individual capacity. This suit was filed January 30, 1962, which was several

months before the foreclosure proceedings on the mortgage were instituted under the power of sale. On motion of the defendant, the suit was transferred into the circuit court of Mobile County, in equity, and bill of complaint duly filed.

The complaint made parties respondent William D. Lewis, both in his individual and fiduciary capacities, along with the son, James L. Benjamin, who, as stated above, had filed his bill to enjoin the foreclosure of the mortgage, and also Title Insurance Company. Complainant Ward paid the $750.00 into court with a prayer that the court determine to whom the money should be disbursed. The complainant sought certain relief, which was granted and not here in question.

Title Insurance made its answer a cross-bill, delineating certain alleged facts, and making Clarinda Ward, William D. Lewis, individually and as administrator, and James A. Benjamin cross-respondents. This cross-bill prayed an adjudication that the instrument by Mrs. Ferrell to Mrs. Hackmeyer was an equitable mortgage, and also prayed for relief, both general and special, not specifically mentioned.

It is to be observed that the appeals in the Benjamin suit and the cross-complaint filed by appellant hinge or depend upon the validity in equity of the mortgage to Mrs. Hackmeyer, or whether she has an equitable lien. Appellant recognizes that the mortgage is invalid at law, because the husband did not join with his wife (Aileen Ferrell Lewis) in its execution as mandated by Section 73, Title 34, Code of 1940, as recompiled in 1958, but here asserts other facets of relief.

One of the contentions is that the instrument is an equitable mortgage. Citing Murphy v. Carrigan, 270 Ala. 87, 116 So.2d 568 (1959). The facts in that case do not in some essentials parallel the facts in the case at bar. We quote therefrom as follows:

"Complainant and her husband were fee-simple owners of certain real property and desired to have a home erected thereon. They purchased a frame house and engaged respondent to move the house and install it on their lot and do considerable work on it, for which complainant and her husband agreed to pay respondent $3,775. At that time, the complainant and her husband were without funds with which to pay the agreed price. *They* agreed to execute and deliver a mortgage on the real property to secure payment to respondent. The work to be done, the amount and manner of payment, the security, and the terms of payment were all agreed upon." [Emphasis supplied.]

It appears further that the wife executed and delivered a mortgage pursuant to the agreement, but the husband, who had gone to Ohio, refused to execute a duplicate note and mortgage which was sent to him in Ohio, all in accordance with his request. Also, he promised to execute them but later changed his mind.

In the same case, this court observed:

"In order for an equitable mortgage to exist, it is essential that the mortgagor have a mortgageable interest in the property sought to be charged as security; that there be clear proof of the sum which it was to secure; that there be a definite debt, obligation or liability to be secured, due from the mortgagor to the mortgagee; and the intent of the parties to create a mortgage, lien or charge on property sufficiently described or identified to secure an obligation. * * * (Citing cases) All of these elements are present in the averments of the cross-bill.

The court then quoted again with approval from 41 C.J., § 33, 59 C.J.S. Mortgages § 13, as follows:

"Courts of equity are not governed by the same principles as courts of law in determining whether a mortgage has been created, and, generally whenever a transaction resolves itself into a secu-

rity, or an offer or attempt to pledge land as security for a debt or liability, equity will treat it as a mortgage, without regard to the form it may assume. Although the conveyance in question may lack the formal requisites of a mortgage, or be expressed in inapt or untechnical language, equity will look to substance and give effect to the intention of the parties."

There is no proof whatsoever in the case at bar that cross-respondent Lewis had anything to do with the loan to his wife. So far as the proof shows he neither encouraged, aided nor abetted the loan to his wife and the execution of the mortgage. He was not the recipient of any of the money. The same may be said as to the cross-respondent Benjamin, the son of Mrs. Lewis. There was no intent, so far as the evidence shows, on the part of Mr. Lewis, as in the cited case, to create a mortgage, lien or charge on the property of Mrs. Lewis, nor was there any agreement on the part of Mr. Lewis that he would join his wife in the execution of the mortgage.

We do not think that we should evade the plain mandate of the statute (§ 73, Title 34, Code of 1940, as amended) that the wife, unless certain conditions obtain, none of which are here shown, cannot alienate or mortgage her land without the consent or concurrence of her husband to be manifested by his joining in the alienation as in the mode prescribed by law for the execution of conveyances of land.

It is true that equity has softened technical compliance with this statutory mandate by declaring under some circumstances that a mortgage bearing some deficiencies or technical infirmities will be treated as an equitable mortgage.

■ ■ But, equity should not intercede unless there are equitable grounds for intercession. Under the facts, as above stated, Mr. Lewis was not guilty of any act or conduct that would empower a court of equity, as in the Murphy v. Carrigan case, supra,

to dispense with his joining in the execution of the mortgage here under consideration. To hold otherwise would, in our judgment, be a flagrant and arbitrary by-pass of the statute. There are numerous decisions in this state which declare an instrument to be an equitable mortgage, but none of these which we have read make such an impression where, as here, the husband was free from fault or promises, was not a beneficiary of the transaction, and had nothing to do with the acts of his wife in procuring the loan. We are unwilling to sustain the instrument as an equitable mortgage.

Would this court be justified under the facts in declaring that Mrs. Hackmeyer acquired an equitable lien against the realty that was not conveyed to Clarinda Ward? To hold otherwise would permit the estate of decedent to be unjustly enriched at the expense of Mrs. Hackmeyer, who acted in good faith in advancing the money on a void mortgage made so by the false representation of Mrs. Ferrell (Lewis) that she was a widow. Prior to that loan Mrs. Ferrell had borrowed money from H. G. Goubil, executing a mortgage instrument containing a statement that she was a widow, although at the time she was married to Mr. Lewis. Mr. Lewis did not join in the instrument. The mortgage embraced the same real property.

Two witnesses testified at the time of the execution of the Hackmeyer mortgage that Mrs. Lewis stated she was a widow. However, there was some testimony that the mortgage broker handling the Hackmeyer loan knew Mrs. Ferrell was married to Mr. Lewis. We are impressed from the evidence, the text of which we have read, that Mrs. Ferrell (Lewis) falsely pretended that she was a widow.

■ We hold that equity and justice are on the side of Mrs. Hackmeyer and her transferee, Title Insurance. It is our opinion that the real property described in the mortgage, excluding that part which was conveyed to Clarinda Ward, should be impressed with an equitable lien. It is not

equitable and fair for the estate of Mrs. Lewis to be enriched and enhanced at the expense of Mrs. Hackmeyer or her transferee through the false representations of Mrs. Ferrell (Lewis) as to her marital status, thereby inducing Mrs. Hackmeyer to part with her money on a spurious instrument of pretended security. Certainly the heirs of Mrs. Lewis should not be allowed to reap an inheritance that is augmented through machination of the deceased as here presented. The heirs are not innocent purchasers and would inherit property that rightfully was offered as security for money borrowed. To let them reap such a windfall would be equitably wrong and unfair.

■ In order to preserve and enforce its equitable lien, we do not think it was necessary for Title Insurance, or its transferor, Mrs. Hackmeyer, to have filed a claim, within the time and manner provided by law, against the estate of Mrs. Lewis for the debt which supports the lien. Because of such failure, the lien is not affected or disturbed. Smith v. Gillam, 80 Ala. 296(2); Hood v. Hammond, 128 Ala. 569, 30 So. 540, 86 Am.St.Rep. 159.

We do not think there was any error on the part of the trial court in making permanent a temporary injunction that enjoined appellant from foreclosing its mortgage on the real property, because, as we have said, the instrument was invalid both as a mortgage at law and in equity. Therefore, the final decree so far as it applies to the injunctive relief decreed in 270–A, the case of Benjamin v. Title Insurance Company, is due to be affirmed, and it is so ordered.

We think that the final decree as the same applies to the cross-relief sought by appellant in its cross-complaint against Mr. Benjamin and Mr. Lewis, in the latter's individual and fiduciary capacities, should be and is reversed and remanded, to the end that the trial court may appropriately grant appellant relief on its equitable lien that it acquired on the real property described in the complaint which was not sold and transferred to Clarinda Ward. The trial court will allow and fix a reasonable time for the cross-respondents, Lewis and Benjamin, to pay off and discharge the principal of the debt with lawful interest, or failing, proceed to fix and enforce the equitable lien to which appellant is entitled on the realty described in the cross-bill.

The decree of the trial court in case 270–A, making the injunction permanent, is affirmed. In case 270, the decree is affirmed in part, reversed in part, and remanded.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and GOODWYN, MERRILL and HARWOOD, JJ., concur.

LAWSON and COLEMAN, JJ., dissent.

### ON REHEARING.

### PER CURIAM.

■ The inequitable conduct of Mrs. Ferrell (Lewis) in giving a spurious mortgage that contained a false statement that she was a widow gives rise to an equitable lien on her unfettered real property described in the mortgage. Our statute inhibits voluntary alienation of real estate by a married woman without the concurrence of her husband, but does not inhibit an equitable lien arising out of affirmative fraud as here presented. The lien is fastened by operation of law under such circumstances and not by an inefficacious contract of the parties.

Future prejudice that might be visited on appellant as an outgrowth of an equitable lien here pronounced is speculative and not an issue on this appeal.

Clarinda Ward, a nominal appellee, moves this court that the judgment against her for costs of this appeal be vacated and set aside.

Motion granted. Such costs are taxed against the parties at interest who are appellees in case No. 270.

Opinion extended. Application overruled.

LIVINGSTON, C. J., and GOODWYN, MERRILL and HARWOOD, JJ., concur.

LAWSON and COLEMAN, JJ., concur as to retaxation of costs, and dissent as to the remainder.