ALMON, Justice.
Jefferson Federal Savings and Loan Association filed suit against Robert F. Clark, in his capacity as administrator of the estate of Dr. William E. McKee, for money it had erroneously paid to the estate. The *466 trial court granted Jefferson Federal a summary judgment, from which Clark appeals.
When Dr. McKee died on March 16,1981, he had $23,421.55 in his savings account with Jefferson Federal. At the same time, he had two notes outstanding that totaled $14,885.50 payable to Jefferson Federal, a debt which was secured by his savings deposit. As administrator, Clark requested payment of the balance owed to the estate. On May 16, 1983, Jefferson Federal paid the entire $23,421.55 account balance to the estate, not retaining the $14,885.50 it was entitled to. Jefferson Federal did not file a claim for this amount within the six months of the granting of letters of administration allowed by Ala.Code 1975, § 43-2-350, and contends such filing was unnecessary in this case.
The circuit court granted Jefferson Federal’s motion for summary judgment, ruling that it was entitled to the $14,885.50 plus interest and costs. The court reasoned that there was an equitable lien on the funds paid to the estate to the extent of the amount due on the promissory notes and concluded that it was not necessary for Jefferson Federal to file a claim against the estate in order to preserve its lien.
Jefferson Federal cites Title Insurance Co. v. Ward, 279 Ala. 24, 181 So.2d 93 (1965), for the proposition that filing a claim against the estate was unnecessary to preserve its security. That case involved an equitable lien imposed to rectify the effect of a fraudulently procured mortgage. There the court concluded that it would be inequitable, under the circumstances, for the estate to avoid foreclosure of a mortgage that the decedent had procured by fraud. The equitable lien was imposed to prevent unjust enrichment in the wake of a fraud calculated to prevent passage of title to subsequent transferees of the realty.
This is in stark contrast to the present case, where Jefferson Federal can show no fraud or similar transaction creating an equity weighing in its favor. To the contrary, it simply contends that it paid the balance in error and that “in good conscience” it ought to be repaid. Although conscience may dictate that the money be repaid, the law does not.
It is clear that Jefferson Federal had both a common law right of setoff and a contractual right to charge the savings account with the indebtedness. The notes both provided, in relevant part:
“In the event of the death of the maker ... such event shall constitute demand for payment of this note and all indebtedness due hereunder shall immediately become due and payable and in any such event, the [Jefferson Federal Savings and Loan Association] or its designated agent, is authorized to forthwith^harge said savings account with any sums due hereunder_” (Emphasis added.)
In King v. Porter, 230 Ala. 112, 116, 160 So. 101 (1935), this Court said:
“It is further settled that a bank or broker has a lien on all moneys and funds of a depositor or customer, coming into his or its possession in due course of business, for any balance of general account due from the customer.” (Emphasis in original.)
This “banker’s lien” is recognized in the common law as a possessory security interest. See Norris v. Commercial Nat. Bank of Anniston, 231 Ala. 204, 163 So. 798 (1935). “This Court has through a long line of cases held that though the failure to present the claim as a debt against the estate bars its collection out of the estate as a simple creditor, it does not prevent the enforcement of a lien contracted to secure it.” Arbo v. State Bank of Elberta, 226 Ala. 52, 53, 145 So. 318 (1932).
In the present case, Jefferson Federal has failed to enforce either the common law lien or the contractual lien securing the debt. Its failure to present a claim under Ala.Code 1975, § 43-2-350,- in these circumstances, is fatal. This Court finds that there could be no equitable lien in the funds of the estate under the facts presented. Where one party, through its own negligence or error, pays to a debtor funds that constitute security on the debt owed, he cannot invoke the aid of equity. To rule otherwise would violate the policy behind *467 the non-claim statute, Ala.Code 1975, § 43-2-350, and needlessly leave transactions subject to collateral attack on equitable grounds beyond the six-month period. The judgment of the circuit court is, therefore, reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.