STEAGALL, Justice.
This is the third appeal of this case. See Clark v. Jefferson Federal Savings & Loan Association of Birmingham, 519 So.2d 465 (Ala.1987), and Jefferson Federal Savings & Loan Association v. Clark, 540 So.2d 61 (Ala.1989). On the last appeal, this Court reversed the summary judgment for Robert F. Clark, as administrator of the estate of Dr. W.E. McKee, in light of the United States Supreme Court’s decision in Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). We remanded the case to the trial court for it to determine, pursuant to Tulsa Professional Collection Services, whether Jefferson Federal Savings and Loan Association (hereinafter “Jefferson Federal”) was a “known or reasonably ascertainable” creditor and, thus, was entitled to actual notice, rather than constructive notice, of the need to file a claim with McKee’s estate.
On remand, the parties submitted a stipulation of facts on which the trial court relied in entering a summary judgment for Jefferson Federal. The trial court specifically determined that Jefferson Federal was a known creditor of the estate by virtue of the fact that its predecessor, Mobile Federal Savings and Loan Association, was listed as creditor in Schedule K of McKee’s June 16, 1982, estate tax return and, therefore, that Jefferson Federal was entitled to actual notice.
The trial court further found that the nonclaim statute, Ala.Code 1975, § 43-2-350, could operate as a bar to Jefferson Federal’s claim only if the actual notice comported with § 43-2-60. The trial court concluded that because the administrator’s demand letter (requesting the balance of McKee’s savings account) of May 12, 1983, did not inform Jefferson Federal of the need to present its claim against the estate, the letter did not constitute actual notice under § 43-2-60. That statute states:
“Generally; time of notice.
“The personal representative must give notice of the appointment, stating the name of the deceased, the day on which letters were granted, by what court, stating the county and notifying all persons having claims against the estate to present the same within the time allowed by law or that the same will be barred. The notice of appointment,
“(1) For actual notice as required in section 43-2-61(1), must be given as soon as practicable after a creditor’s identification is known; and
*1034 “(2) For publication notice as required in section 43-2-61(2), must be given within thirty days from grant of letters.”
(Emphasis added.) A companion section, § 43-2-61, reads as follows:
“Manner of giving notice.
“Notice, as prescribed in section 43-2-60, must be given:
“(1) By first-class mail addressed to their last known address, or by other mechanism reasonably calculated to provide actual notice, to all persons, firms, and corporations having claims against the decedent, who are known or who are reasonably ascertainable by the.personal representative within six months from the grant of letters; and
“(2) By publishing a notice once a week for three successive weeks in a newspaper of general circulation published in the county in which the letters were granted or, if none is published in the county, in the one published nearest to the courthouse thereof or in an adjoining county.” [1]
While the trial court retroactively applied § 43-2-60 to these facts, that application was not incorrect. Generally, “retrospective application of a statute is not favored and legislative intent to make a statute retrospective must be clearly expressed before the statute will be construed to operate retrospectively.” Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala.1981) (citation omitted). However, this Court has written:
“[I]f a statute is procedural in nature, it may be applied on appeal even if the effective date of that statute occurred while the appeal was pending, and even if the effective date of the statute was after the judgment in the trial court.... It is equally clear that if a statute is substantive in nature and its effective date occurs after the judgment of the trial court, it may not be applied on appeal.”
Id. at 95 (citations omitted).
The Alabama legislature amended §§ 43-2-60 and -61 in response to the Tulsa Professional Collection Services decision to remedy the procedural defect apparent in those statutes: the provision for constructive notice only, regardless of whether the creditors were known or reasonably ascertainable.
“ ‘Remedial statutes — those which do not create, enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law.’
[[Image here]]
“Remedial statutes are those relating to remedies or modes of procedure. Street v. City of Anniston, 381 So.2d 26 (Ala.1980); Harlan v. State, 31 Ala.App. 478, 18 So.2d 744 (1947).”
Ex parte Burks, 487 So.2d 905, 907 (Ala.1985) (quoting Barrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82 (1917)).
It is clear that the amendments to §§ 43-2-60 and -61 were remedial in nature and did not affect any substantive rights held by McKee’s estate. The record supports the .trial judge’s finding that Jefferson Federal was a known creditor, as well as his conclusion that the letter to Jefferson Federal from the attorney for the estate more than a year after the letters of administration were granted to Clark did not inform the bank of the need to file a claim, § 43-2-60. We note, too, that that letter was not sent within six months of Clark’s appointment as administrator, § 43-2-61. Thus, the summary judgment for Jefferson Federal was correct, and it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. Code §§ 43-2-60 and -61 were amended after both the Tulsa Professional Collection Services case and the last appeal of this case; the amendments became effective on May 16, 1989.