(87 South. 326)

**SMITH et al. v. NIXON et al.** (5 Div. 773.)

(Supreme Court of Alabama. Jan. 20, 1921.)

1. **Executors and administrators** ⬤═228(3)— **Claim of representative must be presented by filing in office of judge of probate.**

Under Code 1907, § 2589, an administrator having a claim against decedent's estate must present it within 12 months after grant of letters by filing the claim or a statement thereof verified by affidavit in the office of the judge of probate, as provided by section 2593, the mode of presentation being limited to a public filing in the office of the judge of probate, not the probate court; such rule being a substantive rule of conduct for representatives claiming to be creditors of their decedents' estates.

2. **Executors and administrators** ⬤═228(3)— **Substantive law regulating settlement in probate court will be applied in equity.**

Courts of equity still retain original jurisdiction of the administration of decedents' estates, and the administration will be conduct-

ed and finally settled according to the rules and practice of a court of equity, but substantive law regulating the conduct of administrations in the probate court will be applied, as a rule regarding presentment of a claim by the administratrix under Code 1907, § 2589.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Petition by Mrs. Sallie C. Nixon and others for the removal of an estate from the probate to the chancery court and a settlement of the same. From decree entered on final settlement, Mary Smith, the administratrix, appeals. Affirmed.

The claim which was disallowed was the claim of Mrs. Mary Smith individually against Mrs. Mary Smith, administratrix of the estate of Corinne Reid, deceased, for board and lodging, beginning October 1, 1910, to and including August 15, 1918, in the sum of $1,300, with interest. This claim was filed in the circuit court of Chilton county, in equity, on the 8th day of May, 1919. Exceptions were filed, not only to this claim, but also to a claim of $500 for attorney's fees. Among the grounds for exceptions is one that the claim was not filed in the probate judge's office, and also that the same was barred.

George Bondurant, of Birmingham, for appellant.

When the administration is removed into the chancery court for any purpose or in any part, it is there in whole and for all purposes. 95 Ala. 269, 10 South. 837; 109 Ala. 490, 20 South. 40; Sims, Chan. Prac. 661; Acts 1911, p. 574; section 149, Const. 1901; section 2589 et seq., Code 1907.

Lawrence F. Gerald, of Clanton, and Holley & Milner, of Wetumpka, for appellees.

While the chancery court does acquire administration of estate for all purposes, yet it is bound to follow the statutory regulations. Section 2589, Code 1907; 185 Ala. 333, 64 South. 366; 159 Ala. 555, 48 South. 793; 152 Ala. 441, 44 South. 575; 117 Ala. 224, 23 South. 528; 51 South. 389.

SOMERVILLE, J. The only question presented by this appeal arises on the contest by the distributees of the estate of Corinne Reid, deceased, of a claim made by the administratrix, Mary Smith, against the estate of the intestate.

Letters of administration were granted to said administratrix by the probate court of Chilton county on November 18, 1918, and, on petition of one of the heirs, was removed into the circuit court in equity on December 2, 1918.

The record shows that on May 8, 1919, said administratrix filed said claim against her intestate "in the circuit court of Chilton county, in equity," duly verified by her oath; but it does not appear that it was ever filed in the office of the probate judge of Chilton county. Proof of the claim was excluded, and the claim disallowed, by the trial court because of the failure to file the claim in the probate office.

[1] With respect to the claim of personal representatives against their intestates' estates, section 2589 of the Code provides that they must be presented within 12 months after the grant of letters, "the presentation * * * to be made by filing the claim, or a statement thereof, verified by affidavit, in the office of the judge of probate, in all respects as provided by section 2593 of this Code."

Taking account of the personal identity of the claimant and the representative in such cases, it is the obvious intention of the statute (section 2589) to limit the mode of presentation to a public filing of such claims in "the office of the judge of probate," not in the probate court.

There is no alternative, as with the claims of third persons (Code, § 2593), of presenting them personally to the representative in lieu of such filing, but the mode prescribed is exclusive and mandatory, and the consequence of a failure to conform to that mode is that such claims "are forever barred, and the payment or allowance thereof is prohibited." This statutory requirement is in no sense a rule of practice merely for probate courts, but is a substantive rule of conduct for personal representatives who claim to be creditors of their intestates' estates in whatever forum the administration may be conducted.

[2] It is true that courts of equity still retain original jurisdiction of the administration of decedents' estates (Rensford v. Magnus, 150 Ala. 288, 43 South. 853; Const. 1901, § 149), "and the administration will be conducted and finally settled in that court, according to the rules and practice of a court of equity; but substantive law regulating the conduct and settlement of administrations in the probate court will be applied." Hurt v. Hurt, 157 Ala. 126, 131, 47 South. 260, 261, and cases therein cited; Key v. Jones, 52 Ala. 238, 243. Manifestly, those cases do not support the contention of appellant.

But we need not search further for authority, since this court has specifically decided that—

"There is no authority, statutory or otherwise, for the effectuation of a valid presentation, to avert the bar of the statute, of a claim against a decedent's estate by simply filing it, however complete the statement of it, in the chancery court." Weller & Sons v. Rensford, 185 Ala. 333, 64 South. 366.

On the authority of that case, and for the reasons above stated, the rulings of the trial court in disallowing the claim in question

were free from error, and the decree will therefore be affirmed.

. Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.