Plaintiff Jefferson Federal Savings and Loan Association ("Jefferson Federal") appeals from the summary judgment in favor of defendant Robert F. Clark, as administrator of the estate of Dr. W.E. McKee, on its suit for recovery of money erroneously paid the estate. This is the second time this case has been before this Court. See Clark v. Jefferson FederalSavings Loan Association of Birmingham, 519 So.2d 465 (Ala. 1987).
In the first appeal, we reversed the summary judgment for Jefferson Federal because *Page 62 
of its failure to file a claim with the estate within six months from the grant of letters of administration, as required by Ala. Code 1975, § 43-2-350. In accordance with our decision in that case, the trial court entered summary judgment for Clark and either dismissed or entered summary judgment in favor of all of the defendant heirs.
Since our decision in Clark, however, the United States Supreme Court has spoken on the issue of whether constructive notice is sufficient to creditors of the estate. In TulsaProfessional Collection Services v. Pope, 485 U.S. 478,108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), the creditor-collection service, as assignee of a claim for expenses connected with the decedent's extended hospital stay, did not file a claim within Oklahoma's two-month time period following publication of notice for two consecutive weeks in the local newspaper. After finding Oklahoma's non-claim statute a non-self-executing provision constituting state action (due to the probate court's involvement in appointing an executor), the Court held that constructive notice by publication in a paper is insufficient and that actual notice by mail is required where creditors are "known or reasonably ascertainable." In discussing the propriety of actual notice in such a context, the Court reasoned:
 "Creditors, who have a strong interest in maintaining the integrity of their relationship with their debtors, are particularly unlikely to benefit from publication notice. As a class, creditors may not be aware of a debtor's death or of the institution of probate proceedings. Moreover, the executor or executrix will often be, as is the case here, a party with a beneficial interest in the estate. This could diminish an executor's or executrix's inclination to call attention to the potential expiration of a creditor's claim. There is thus a substantial practical need for actual notice in this setting."
485 U.S. at ___, 108 S.Ct. at 1347, 99 L.Ed.2d at 578.
In this case, McKee died on March 16, 1981, and Clark was appointed administrator of the estate on May 3, 1982. Notice was published in the Mobile Press Register on May 12, 19, and 26, 1982, but Jefferson Federal did not receive actual notice until May 1983, when Clark requested the balance of McKee's savings from the bank. Jefferson Federal paid Clark the full balance of the account, which was $23,421.55, on May 16, 1983, without deducting $14,885.50, which represented the outstanding balance on two promissory notes McKee had with the bank and which were secured by the savings account.
Notwithstanding our previous decision in the first appeal of this case, we are constrained, in light of the TulsaProfessional Collection Services case, to reverse the summary judgment and to remand for a determination of whether Jefferson Federal was a "known or reasonably ascertainable" creditor and thereby entitled to actual notice rather than constructive notice.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.