HOUSTON, Justice.
The plaintiff, William C. Carter, Jr., appeals from a summary judgment for the defendant, Virginia B. Beck, as administra-trix of the estate of Thomas Vaughn.[1] We reverse and remand.
Thomas Vaughn died on February 27, 1990. On March 5,1990, Beck was appointed as administratrix of Vaughn’s estate and was issued letters of administration. On February 26, 1991, Carter, through his attorney, sent a letter to Vaughn’s tractor company stating that he had suffered personal injuries on July 15,1989, as the result of a defect in a tractor that he had previously purchased from Vaughn. Carter maintained that the defect was the result of a modification that Vaughn had made to the tractor. Shortly thereafter, Carter’s attorney received a telephone call from an insurance adjuster who identified himself as a representative of Vaughn’s tractor company. Carter’s attorney and the insurance adjuster communicated with each other from time to time thereafter concerning Carter’s claim; however, for some reason, the adjuster apparently never informed the attorney of Vaughn’s death. On July 15, 1991, Carter filed a suit against Vaughn, d/b/a Tom Vaughn Tractor Company, seeking damages for his injuries. The trial court entered a summary judgment for Beck on the ground that Carter had failed to file a claim against Vaughn’s estate within six months from the grant of letters of administration, as required by Ala.Code 1975, § 43-2-350 (the non-claim statute).
Conceding that he did not file a claim against Vaughn’s estate within six months of the grant of letters of administration to Beck, Carter contends that his claim was *1391 not barred because, he says, he received insufficient notice of Vaughn’s death and the institution of administration proceedings. Specifically, he argues that Beck was under a statutory duty to provide him with actual notice of the administration proceedings so that he could file his claim; the constructive notice by publication, Carter insists, violated his due process rights.
The summary judgment was proper in this case if there was no genuine issue of material fact and Beck was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on Beck to make a prima facie showing that no genuine issue of material fact existed and that she was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Carter to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we must view the evidence in a light most favorable to Carter and must resolve all reasonable doubts against Beck. Knight v. Alabama Power Co., 580 So.2d 576 (Ala.1991).
Alabama Code 1975, § 43-2-60, provides in pertinent part:
“The personal representative must give notice of the appointment, stating the name of the deceased, the day on which letters were granted, by what court, stating the county and notifying all persons having claims against the estate to present the same within the time allowed by law or that the same will be barred. The notice of appointment,
“(1) For actual notice as required in section 43-2-61(1), must be given as soon as practicable after a creditor’s identification is known....”
Alabama Code 1975, § 43-2-61, states in pertinent part:
“Notice, as prescribed in section 43-2-60, must be given:
“(1) By first-class mail addressed to their last known address, or by other mechanism reasonably calculated to provide actual notice, to all persons, firms, and corporations having claims against the decedent, who are known or who are reasonably ascertainable by the personal representative within six months from the grant of letters....”
(Emphasis added.)
Thus, in the present case, Beck was under a duty to provide actual notice to Garter only if she knew of Carter’s claim or had a reasonable means of ascertaining the existence of his claim. See Jefferson Federal Savings & Loan Ass’n of Birmingham v. Clark, 540 So.2d 61 (Ala.1989). The record shows that Carter did not notify anyone associated with Vaughn or his company until February 26, 1991, more than six months after the grant of letters of administration to Beck, that he had suffered a personal injury as the result of an alleged defect in a tractor purchased from Vaughn. However, it is possible that Beck could have learned of Carter’s claim from a source other than Carter or his attorney or could have obtained from such a source information from which she could have reasonably identified Carter as a potential claimant against Vaughn’s estate. Consequently, because Beck presented no evidence to eliminate this possibility, we cannot hold, under our standard for reviewing summary judgments, that Beck neither knew nor had any reasonable means of ascertaining the existence of Carter’s claim within six months after she was issued letters of administration and, thus, that she was entitled to a judgment as a matter of law.[2]
*1392 For the foregoing reasons, the summary judgment for Beck is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED,
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. The original defendant in this case was Thomas Vaughn, d/b/a Tom Vaughn Tractor Company. After learning of Vaughn’s death, Carter moved to substitute Beck in her capacity as administratrix for Vaughn as the defendant. The trial court did not rule on Carter's motion to substitute, but, in effect, entered a summary judgment for Beck. Because Beck in her capacity as administratrix of Vaughn’s estate is the real party in interest, we consider Beck to be the appellee for purposes of this appeal and we have restyled the case to reflect the proper parties.

. Contrary to Carter’s suggestion, Beck was under no legal duty to give actual notice to all of Vaughn’s previous customers who had purchased a modified tractor from Vaughn, on the assumption that one or more of them might have had a personal injury claim against Vaughn’s estate based on an alleged defect created by the modification. Imposition of such a broad duty of ascertaining potential claimants would create an unreasonable burden on personal representatives and, thus, would be inconsistent with the intent of the legislature in providing for the "speedy, safe, and definitive settlement of estates.” See Motley v. Battle, 368 So.2d 20, 22 (Ala.1979).