Michael S. Sullivant and his wife, Sandy Sullivant, appeal from a final judgment dismissing their action against Charles James Sullivan III, in his capacity as administrator of the estate of Susan Toler Sullivan, deceased (hereinafter "the administrator"). We affirm.
 I. Factual Background and Procedural History
Michael Sullivant, a resident of Elba, was driving his vehicle when he collided *Page 992 
with a vehicle operated by Susan Toler Sullivan, a resident of Montgomery. Sullivan was killed as a result of the accident, and Sullivant was injured. The administrator published notice to potential creditors of Sullivan's estate in the MontgomeryIndependent, a newspaper published in Montgomery County. No actual notice was given to the Sullivants. Six months after his appointment the administrator, alleging that all debts of the estate had been paid in full, obtained an order from the Montgomery Probate Court closing the estate and discharging him from further liability. Within two years of the accident, but after the estate had been closed, the Sullivants sued the administrator in the Montgomery Circuit Court, asserting claims of personal injury and loss of consortium. The administrator moved to dismiss the Sullivants' action because the six months allowed by the statute of non-claims, § 43-2-350(b), Ala. Code 1975, had expired without their having filed a claim against the estate and the administrator had been discharged by order of the probate court. The trial court dismissed the action, and the Sullivants appealed.
 II. Standard of Review
"In Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993), this Court set forth the standard of review applicable to an order granting a motion to dismiss:
 "`The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"
Beckerle v. Moore, 909 So.2d 185, 186-87 (Ala. 2005) (citations omitted).
 III. Discussion A. Overview
Relying on American Home Assurance Co. v. Gaylor,894 So.2d 656 (Ala. 2004), the Sullivants contend that because the administrator failed to provide to them the requisite notice of the administration of the estate as reasonably ascertainable creditors under §§ 43-2-60 and 43-2-61, Ala. Code 1975, the statute of nonclaims is not a bar to their claims against the estate, and they may collaterally attack in the circuit court the judgment of the probate court closing the estate and discharging the administrator. In Gaylor, this Court held that the driver of a truck involved in a fatal accident was a reasonably ascertainable creditor of a deceased motorist's estate, and, thus, the personal representative of motorist's estate was required to give the truck driver actual notice of the probate proceedings. Gaylor is not dispositive, however, because the plaintiff there asserted his claim against the estate in the circuit court before the probate court had entered an order closing the estate and discharging the administrator.
The administrator argues that the statute of nonclaims precludes the Sullivants' action, regardless of the resolution of the collateral-attack issue, because the Sullivants did not file their claims against the estate within 30 days of the date they acquired actual knowledge that an administrator of Sullivan's estate had been appointed, as required by § 43-2-350(b). The administrator also contends that a collateral attack on the probate court's judgment in the circuit court is prohibited under Alabama law. We first address the *Page 993 
issue whether the Sullivants' claims are barred by the statute of nonclaims because, if they are, any issue concerning the availability of collateral attack would be rendered moot.
 B. Statute of Nonclaims
The statute of nonclaims provides, in part:
 "(b) All claims against the estate of a decedent, other than the claims referred to in subsection (a) of this section [claims held by the personal representative], whether due or to become due, must be presented within six months after the grant of letters, or within five months from the date of the first publication of notice, whichever is the later to occur, provided however, that any creditor entitled to actual notice as prescribed in section 43-2-61 must be allowed 30 days after notice within which to present the claim, and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. . . ."
§ 43-2-350(b) (emphasis added). It is undisputed that the administrator did not provide the Sullivants with actual notice of his appointment as administrator; rather, the Sullivants learned of his appointment from their attorney after Sullivan's estate had been closed and the administrator discharged. The issue before us is whether the notice the Sullivants received from their attorney, and not from the administrator, after the estate had been closed and the administrator discharged, is sufficient to trigger the 30-day period in § 43-2-350(b) for filing claims after the receipt of actual notice. If so, their claims are barred, because it is undisputed that this action was commenced more than 30 days after the Sullivants learned of the administrator's appointment from their attorney.
Sections 43-2-60 and 43-2-61 set forth the provisions relevant to giving notice to creditors of an estate of the appointment of an administrator for the estate. Section 43-2-60 provides, in pertinent part:
 "The personal representative must give notice of the appointment, stating the name of the deceased, the day on which letters were granted, by what court, stating the county and notifying all persons having claims against the estate to present the same within the time allowed by law or that the same will be barred. The notice of appointment,
 "(1) For actual notice as required in section 43-2-61(1), must be given as soon as practicable after a creditor's identification is known. . . ."
(Emphasis added.) The type of notice to which each creditor is entitled depends on the classification of that creditor. Section 43-2-61 describes the two classes of creditors and the notice to which each class is entitled:
 "Notice, as prescribed in section 43-2-60, must be given:
 "(1) By first-class mail addressed to their last known address, or by other mechanism reasonably calculated to provide actual notice, to all persons, firms, and corporations having claims against the decedent, who are known or who are reasonably ascertainable by the personal representative
within six months from the grant of letters; and
 "(2) By publishing a notice once a week for three consecutive weeks in a newspaper of general circulation published in the county in which the letters were granted. . . ."
(Emphasis added.) The administrator does not here dispute that the Sullivants were reasonably ascertainable creditors. Rather, the administrator contends that the notice the Sullivants received from their attorney after the estate had been *Page 994 
closed and the administrator discharged was sufficient to trigger the 30-day savings clause in § 43-2-350(b) of the statute of nonclaims.
The administrator further contends that the statute of nonclaims may be triggered by any notice, not necessarily notice as described in §§ 43-2-60 and 43-2-61. The administrator cites Blackwell v. Williams, 594 So.2d 56 (Ala. 1992), but notes that in that case this Court did not reach the issue whether the creditor's receipt of notice of appointment from a source other than the personal representative was sufficient to trigger the 30-day period, because the Court determined that the creditor was not reasonably ascertainable and therefore was not entitled to actual notice. The administrator also citesIvory v. Fitzpatrick, 445 So.2d 262 (Ala. 1984);Moore v. Stephens, 264 Ala. 86, 84 So.2d 752 (1956);Barrett v. Fondren, 262 Ala. 537, 80 So.2d 243 (1955); and Smith v. Nixon, 205 Ala. 223, 87 So. 326 (1921), for the proposition that the statute of non-claims has long been applied to tort claims. That issue is not in question here.
The relevant portion of § 43-2-350(b) states that "any creditor entitled to actual notice as prescribed in section 43-2-61 must be allowed 30 days after notice within which to present the claim" in order to prevent the claim from being barred. (Emphasis added.) The entitlement to which § 43-2-350(b) refers is expressly tied to § 43-2-61, which provides the manner of giving notice when notice is required by § 43-2-60. Section 43-2-60 clearly imposes a duty uponthe personal representative of an estate to "notify
all persons having claims against the estate" of the appointment of the personal representative in accordance with the provisions of § 43-2-61. Section 43-2-61(1) states that the personal representative must provide notice as required by § 43-2-60, by first-class mail addressed to their last known address or by other mechanism reasonably calculated to provide actual notice to claimants who are known or who are reasonably ascertainable, within six months from the grant of letters of administration.
It is undisputed that the administrator did not provide first-class notice by mail in this case; therefore, that provision of the statute does not apply. The remaining alternative of "other mechanism reasonably calculated to provide actual notice" does not apply in this case to trigger the running of the 30-day period in § 43-2-350(b). The legislature's use of the passive voice in § 43-2-61 in the context of "calculated" compels the conclusion that the personal representative must be the entity doing the calculating, and, therefore, the fortuitous act of a third party who gives notice falls beyond the contemplation of the statute. Thus, the notice to which reasonably ascertainable creditors are entitled, which triggers the 30-day savings provision, clearly refers to actual notice from the personal representative. Because the Sullivants as reasonably ascertainable creditors were entitled to actual notice from the personal representative, their receipt of notice from an unaffiliated third party — their attorney — did not trigger the running of the 30-day period; therefore, their claims are not barred by the statute of nonclaims.
 C. Collateral Attack
Alternatively, the administrator contends that the Sullivants cannot collaterally attack the order of the probate court settling the estate and discharging the administrator. Section 12-13-1 confers on the probate court jurisdiction over the administration of estates. Subsection (b) of that section states, in pertinent part:
 "(b) The probate court shall have original and general jurisdiction over the following matters:
 "(1) The probate of wills. *Page 995 
 "(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.
 "(3) All controversies in relation to the right of executorship or of administration.
 "(4) The settlement of accounts of executors and administrators. . . ."
(Emphasis added.) As § 12-13-1 indicates, jurisdiction over the administration of an estate, including any claims against the estate by potential creditors, generally lies with the probate, not the circuit, court. Exceptions include § 12-11-41, Ala. Code 1975, permitting removal of an estate to the circuit court prior to final settlement, and § 12-11-60, Ala. Code 1975, authorizing the circuit court to correct errors of law or fact in the settlement of an estate within two years of final settlement. Section 12-11-41 is clearly inapplicable. The Sullivants did not rely on § 12-11-60 in their opposition to the administrator's motion to dismiss, nor do they rely on § 12-11-60 on appeal. We therefore make no determination as to whether the Sullivants' claims would have been properly before the circuit court under § 12-11-60.
The Sullivants brought their personal-injury action against the administrator in the circuit court after the probate court had entered an order of final settlement of the estate and had discharged the administrator from his duties. The administrator argued in the circuit court that the Sullivants' personal-injury action was an impermissible collateral attack on the judgment of the probate court. The Sullivants contend on appeal that the probate court was without jurisdiction to enter an order of final settlement and discharge the administrator from his duties and that, therefore, the probate court's judgment is void. However, the Sullivants never argued in their opposition to the administrator's motion to dismiss in the circuit court that the probate court was without jurisdiction to enter a judgment settling the estate as to their claims because they never received notice of the appointment of the administrator and were never made parties to the proceedings in the probate court. In their response to the administrator's motion to dismiss, the Sullivants, relying exclusively on Gaylor, supra, contended that they were entitled to "receive actual written notice of the opening of the estate by first class mail. Since [they] did not, [the Sullivants'] claims are not barred and the [administrator's] Motion to Dismiss is due to be denied."
As previously noted, Gaylor is distinguishable because in that case the contention as to lack of notice was raisedbefore an order of final settlement had been entered by the probate court, and concerns over the availability of collateral attack were not at issue. The Sullivants' argument as to the unavailability of the statute of nonclaims in reliance upon Gaylor does not address the separate issue, which was not addressed in Gaylor, of the availability of a collateral attack on the final settlement of the probate court as a void judgment. This Court does not reach arguments never presented to the trial court. In Ex parte State Farm MutualAutomobile Insurance Co., 924 So.2d 706, 711 (Ala. 2005), we stated:
 "We note that `[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered' on appeal. Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 165 (Ala. 2005). Thus, the judgment of the trial court cannot be reversed on this ground."
(Footnote omitted.) See also Andrews v. Merritt OilCo., 612 So.2d 409, 410 (Ala. 1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court."). Because the Sullivants did *Page 996 
not present to the circuit court their contention that the probate court's judgment was void as to their claims because they did not receive notice of the appointment of the administrator, we do not reach the merits of the Sullivants' contention that the probate court under the circumstances here presented was without jurisdiction to enter a judgment of final settlement of the estate.
 IV. Conclusion
The Sullivants' claims are not barred by the statute of nonclaims, § 43-2-350(b), providing that a creditor must file his or her claims within 30 days of receiving actual notice. Furthermore, because the Sullivants did not address in the circuit court the separate issue, unaddressed inGaylor, of the availability of a collateral attack on the final settlement of the probate court as a void judgment, we do not reach that issue. Therefore, we affirm the judgment of the circuit court dismissing the Sullivants' action against the administrator of the estate of Susan Toler Sullivan.
AFFIRMED.
COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER,* and MURDOCK, JJ., concur.
* Although Justice Parker did not sit for oral argument of this case, he has listened to the tape of oral argument.