In the ESTATE OF Allen D. AUSTIN, Deceased,

Randy Nolan, Appellant,

v.

Cathy Snead, Respondent.

No. SC 92388.

Supreme Court of Missouri, En Banc.

Jan. 29, 2013.

Benjamin S. Creedy of Murphy, Taylor, Siemens & Elliott PC, St. Joseph, for the Chindren's Father.

David B. Parman of David B. Parman LLC, Albany, for the Estate's Personal Representative.

MARY R. RUSSELL, Judge.

A personal representative of a decedent's estate failed to provide actual notice of the probate proceeding to children whom the decedent was alleged to have sexually abused. Because of the failure to notify the children, their claims[1] against the estate were filed beyond the statutory six-month requirement found in section 473.360.[2] The children's father, their sole custodian and guardian, filed claims against the estate, which were dismissed. This Court finds that the children's due process rights were violated by the dismissal of their claims because they were reasonably ascertainable creditors of the estate and their claims were more than merely conjectural. Because their due process rights were violated, the children's claims are not precluded by the six-month time limitation in section 473.360.

## I. Facts and Procedural Background

Allegations of sexual abuse were made against Allen Austin (Decedent) in 2006. The allegations concerned R.M.N. and R.D.N., two girls who were about seven and eight years old at the time of the alleged abuse.[3] A Division of Family Services (DFS) investigation concluded that the 2006 allegations were substantiated by a "preponderance of the evidence." Decedent did not timely seek appeal of this determination.

---

1. The claims included counts for battery, intentional infliction of emotional distress, sexual abuse, assault, civil false arrest, and invasion of privacy.

2. All statutory references are to RSMo 2000.

3. The children also made allegations of sexual abuse against Decedent in 2008. Decedent's attorney requested an administrative review of those allegations and was informed by DFS that the allegations contained one set of allegations that was the same as those made in 2006 and other allegations that were unsubstantiated. No review of the new allegations was possible because they were unsubstantiated.

After Decedent died in 2009, Cathy Snead, whom Decedent had appointed to be the personal representative of his estate, published the first notice of the opening of his estate on August 26, 2009, providing notice to any potential creditors.[4] Snead was aware of the sexual abuse allegations made by the minor children, but she did not notify the children, through their father, regarding the opening of the estate.[5]

While the estate was pending, Snead, who was employed as a social worker, personally investigated the validity of the 2006 allegations of abuse. Although she spoke with the children's grandmother and aunt and was told that the allegations were untrue, she did not talk to DFS, the children, or their parents about the allegations. She concluded that she did not need to provide actual notice of Decedent's estate to the children's father because, in her opinion, the children did not have a colorable claim to bring against the estate.

Eight months after the first publication of notice of the estate, the children's father filed their claims against the estate, naming himself as their next friend. Because the sixth-month window for creditors to file claims against the estate, as set forth in section 473.360,[6] had passed, the children's father amended their claims.[7] He filed their claims outside the six-month window set forth in section 473.360 but within the one-year limitation for claims outlined in section 473.444.[8]

Snead filed a motion to dismiss, asserting that dismissal was warranted because the children's claims were tardy, the claims did not fall within an exception to section 473.360, and the children were not "known or reasonably ascertainable creditors." Snead's motion was sustained. The children's father appeals.[9]

---

4. Snead was also a beneficiary of the estate. In *Tulsa Professional Collection Services, Inc. v. Pope*, the Supreme Court emphasized the importance of providing actual notice in probate cases because the appointed personal representative often has a beneficial interest in the estate. 485 U.S. 478, 491, 108 S.Ct. 1340 (1988). This beneficial interest could influence a personal representative's desire, or lack thereof, to inform potential creditors of the expiration of their claim, making actual notice particularly necessary. *Id.*

5. The children's father was their sole custodian at the time of Decedent's death and while Decedent's estate was pending.

6. Section 473.360 requires that all claims against a decedent's estate be filed in the probate division within six months of the publication of the first notice of the decedent's probate proceeding. The last date for a creditor to file a claim against Decedent's estate was February 26, 2010.

7. He filed an application for classification of the claims as an adversary proceeding, which was sustained by the court.

8. Section 473.444 requires that any claim not filed within one year of a decedent's death be barred forever regardless of whether administration of the estate has commenced or notice of the decedent's death has been given. Because the children's claims were filed within one year of Decedent's death, section 473.444 is not at issue in this case.

9. Jurisdiction of this Court is proper pursuant to article V, section 3 of the Missouri Constitution because this appeal involves questions of the constitutional validity of section 473.360. Although this action is brought as a constitutional challenge to the validity of a statute, this Court avoids a constitutional question if the case can be determined fully without reaching it. *State ex. rel. Union Electric Co. v. Pub. Serv. Comm'n*, 687 S.W.2d 162, 165 (Mo. banc 1985). Even though it is not necessary to resolve the constitutional question presented here, jurisdiction is not lost because once this Court's jurisdiction attaches, it extends to all issues in the case. *Id.*

## II. Standard of Review

■■■ The proper standard of review for a trial court's grant of a motion to dismiss a petition is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss. *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011). The appellate court reviews the petition to determine whether the facts alleged by the plaintiff meet the elements of a recognized cause of action or of a cause of action that might be adopted in that case. *Id.* If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed. *Id.*

## III. Analysis

The children's father challenges the trial court's dismissal of his children's claims. He argues that the application of section 473.360 to his children's claims was improper because they did not receive actual notice of the Decedent's probate proceeding, even though the children were reasonably ascertainable creditors of Decedent's estate and their claims were more than merely conjectural. He alleges that Snead breached her duty as a personal representative by failing to give the children actual notice, which violated their due process rights because application of the statutory time limitations barred their claims.

Section 473.360 provides the time limitations for bringing a claim against an estate. It states in pertinent part that:

all claims against the estate of a deceased person ... which are not filed in the probate division of the circuit court within six months after the date of the first published notice of letters testamentary or of administration or, if notice was actually mailed to, or served upon, such creditor, within two months after the date such notice was mailed, or served, whichever later occurs, or which are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent.

Section 473.360.

■■■ The seminal case discussing due process protections for claimants is *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *Mullane* stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 315, 70 S.Ct. 652. *Mullane* further clarified that a party is entitled to actual notice as "a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of [that] party ..., if its name and address are reasonably ascertainable." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). Causes of action are included in property interests protected by the Due Process Clause of the 14th Amendment. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Failure to provide a known or reasonably ascertainable claimant with actual notice of a proceeding that terminates the claimant's claim results in a violation of due process. *In re Bohannon*, 943 S.W.2d 651, 654 (Mo. banc 1997).

■■■ While a personal representative is not required to take extraordinary steps

to locate creditors of the estate, she must "make 'reasonably diligent efforts'" to identify creditors. *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (quoting *Mennonite*, 462 U.S. at 798 n. 4, 103 S.Ct. 2706). In other words, the creditor's identity must be known or "reasonably ascertainable" to be entitled to actual notice.[10] *Id.; Bohannon*, 943 S.W.2d at 654. Here, the children's identity was known or reasonably ascertainable to Snead because she was aware of the underlying events that led to the potential claims. Further, she had performed her own investigation of the potential claims, interviewing relatives of the children. She had the ability to locate the children's father to provide him notice.

But at the same time, a personal representative is not required to provide actual notice to every reasonably ascertainable claimant, only those with claims that are more than merely conjectural. *Pope*, 485 U.S. at 490, 108 S.Ct. 1340. This Court has yet to interpret the term "conjectural" as it relates to claims entitled to actual notice. For that reason, this Court looks to the plain meaning of the word and its root. "Conjectural" is defined as "of the nature of or involving or based on conjecture." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 479 (1986). It is further defined as an "inference from defective or presumptive evidence; ... an inference or conclusion drawn or deduced by surmise or guesswork." *Id.* In sum, a conjectural claim is one that is based on inferences from uncertain evidence or conclusions rooted in guesswork.

In this case, the children's claims were not based on inferences from uncertain evidence or conclusions rooted in guess-work. Their claims were more than merely conjectural because they were supported by DFS's 2006 determination that the allegations of abuse were substantiated by the preponderance of the evidence. The 2006 abuse allegations formed the basis for claims that were not merely conjectural and entitled the children to actual notification about the probate proceedings for Decedent's estate.

Although this is an issue of first impression in this Court, a similar fact scenario was addressed by the Supreme Court of Alabama in *American Home Assurance Co. v. Gaylor*, 894 So.2d 656 (Ala.2004). In *Gaylor*, an insurance company failed to file a claim within the six-month period provided by the Alabama nonclaim statute because it was not given notice of the decedent's probate estate. 894 So.2d at 657. The insurance company argued that the executrix of the estate had a duty to provide it actual notice of the probate proceeding because it was a reasonably ascertainable creditor. *Id.* at 658. The court found that although the executrix may not have had actual knowledge of the insurance company's claim, she was aware of the underlying accident that caused the deaths of three individuals and $14,000 in damage to a tractor-trailer. *Id.* at 660. While the executrix "was not aware that [the truck driver] had been injured in any way," the knowledge of the accident required her "to inquire into the possibility of a claim" based on the information contained in the accident report. *Id.* at 660–61. The accident report gave the truck driver's name, address and telephone number, providing a reasonable means of ascertaining the existence of a claim. *Id.*

In the instant case, Snead's failure to give the children actual notice of the open-

---

**10.** *Mullane* described claimants who were not ascertainable and, therefore, only entitled to statutory notice of a proceeding as "[t]hose [claimants] ... whose interests or whereabouts could not with due diligence be ascertained." 339 U.S. at 317, 70 S.Ct. 652.

ing of Decedent's probate proceeding was a violation of their due process rights insofar as it barred their claims pursuant to the time limitations of section 473.360. Here, as in *Gaylor*, due process required that Snead provide actual notice of the opening of the probate estate to the children because they were reasonably ascertainable creditors and their claims were more than merely conjectural. Even though the children's claims were for tort causes of action that were not yet reduced to judgment, actual notice was required. *See Bohannon*, 943 S.W.2d at 654–55. Snead, like the executrix in *Gaylor*, was aware of the underlying events that led to the potential claims and had the ability to locate the children's father's address so that she could provide the required notification to the children. Further, she had personal knowledge of DFS's 2006 finding that the children's allegations of abuse against Decedent were substantiated by a preponderance of the evidence.

Unlike the executrix in *Gaylor*, Snead performed an investigation of the potential claims against the estate. She based her conclusions that the children did not have a colorable claim on her experience as a social worker, her conversations with the children's grandmother and aunt, and the fact that no civil action had been filed on behalf of the children against Decedent. Because she believed that the children's claims would not be meritorious, Snead made the choice not to provide them with actual notice of Decedent's estate. But whether the children's claims had legal merit was not Snead's responsibility to determine. Instead, Snead simply had a duty to provide notice to all reasonably ascertainable creditors with more than a merely conjectural claim without making a unilateral determination about the merits of their claim.

Considering the facts of this case and the grounds on which Snead sought dismissal, this Court finds that the trial court erred in dismissing the children's claims. The children were known or reasonably ascertainable creditors of the estate, and their claims were more than merely conjectural. Because Snead failed to provide actual notice to them, their claims were not extinguished under section 473.360. The motion to dismiss should not have been sustained on any ground alleged.[11]

## IV. Conclusion

Because due process requires that the personal representative of an estate provide actual notice of the probate proceeding to all reasonably ascertainable creditors of the estate who may have more than a merely conjectural claim against the estate, the children's claims should not have been dismissed. The trial court's judgment is reversed, and the cause is remanded.

TEITEMAN, C.J., BRECKENRIDGE, FISCHER, STITH and DRAPER, JJ., concur.

WILSON, J., not participating.

---

11. Because this Court finds that the failure to provide actual notice resulted in a violation of due process rights, it is unnecessary to explore the children's father's argument that section 473.360, as applied to the children, violates the open courts provision of the Missouri Constitution.