In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

SHARON WATSON, AS TRUSTEE OF THE ) ED109525
GEORGE T. AND MARY E. WATSON )
TRUST DATED NOVEMBER 18, 1997, ) Appeal from the Circuit Court of
 ) St. Louis County
 Appellant, ) 19SL-CC03157
 )
v. ) Honorable Thomas C. Albus
 )
MENARD, INC. D/B/A MENARDS, AND ) Filed: November 23, 2021
CITY OF RICHMOND HEIGHTS, MISSOURI, )
 )
 Respondents. )

 Plaintiff, Sharon A. Watson, as Trustee of the George T. and Mary E. Watson Trust,

(Appellant) appeals from the trial court’s dismissal of Appellant’s Amended Petition for

Damages against defendants City of Richmond Heights (the City) and Menard, Inc. (Menards)

(collectively, Respondents). We affirm.

 BACKGROUND

 In July 2006, the City passed an ordinance approving a redevelopment project in a

blighted area, which included property at 1705 Berkley Avenue, Richmond Heights, Missouri

(the Property), owned by Appellant. The Property consists of 0.3 acres of land and a one-story

1,220-square-foot house. In December 2007, the City filed a condemnation action against the

Property, naming all interested parties as defendants, including Appellant. In March 2008,
pursuant to Section 99.820 of the Real Property Tax Increment Allocation Redevelopment Act,

Sections 99.800-99.865, RSMo., 1 (TIF Act), the trial court entered an Order of Condemnation

for property in the City’s redevelopment area, which included the Property. However, the

developer Michelson Commercial Realty and Development L.L.C. (Michelson) was unable to

obtain financing for the redevelopment project and breached the redevelopment agreement with

the City. The City then entered into a redevelopment agreement with Menards. The City paid

$429,962.74 for damages into the court registry, as required by the TIF Act, on December 2,

2013. The next day, the City recorded a deed to Appellant’s Property in the name of Menards.

 Appellant refused to vacate the Property, and the City filed a Writ of Possession in

February 2014. The trial court granted the City’s writ with an effective date of March 5, 2014,

but Appellant applied for a Writ of Prohibition from this Court, which was granted on March 4,

2014, and made absolute on July 8, 2014. State ex rel. Watson v. Sherry, 436 S.W.3d 718 (Mo.

App. E.D. 2014). This Court’s decision ended the condemnation proceeding because the City

failed to pay the commissioner’s award until after the five-year period for acquisition had

expired, under the TIF Act. Id. at 723-24. Thus, the trial court dismissed the City’s Writ of

Possession and the condemnation action with prejudice and ordered title to the Property restored

to Appellant on August 1, 2014. The redevelopment project was subsequently redesigned to

exclude the Property.

 On February 20, 2014, while the City’s Writ of Possession was pending, Appellant

discovered significant weather damage to the roof of the house on the Property, and made an

insurance claim with her insurer, American Family (Insurer), on March 5, 2014. Appellant also

alleged the house suffered interior water damage, and theft damage. Insurer denied Appellant’s

1
 All statutory references are to RSMo 2016, unless otherwise indicated.

 2
claim, citing that the policy was in Appellant’s name but the deed recorded was in the name of

Menards. Appellant informed Menards that Insurer denied her claim because of the recorded

deed showing Menards purchased the Property on December 2, 2013. Insurer also denied

coverage because Appellant cancelled the policy on March 18, 2014, retroactive to December 2,

2013, which was prior to the date of the alleged loss. Insurer issued a refund check to Appellant

on April 14, 2014.

 On July 29, 2019, Appellant filed this lawsuit alleging, inter alia, that Menards was

negligent in failing to insure the Property (Count III). Appellant also sought injunctive relief to

remove overgrowth from Appellant’s Property. Menards filed its Motion to Dismiss the Petition,

with suggestions in support of its motion. On March 4, 2020, the trial court denied dismissal of

Appellant’s injunctive relief but granted the Motion to Dismiss Appellant’s negligence claim

without prejudice, giving Appellant thirty days to file an amended petition.

 On March 31, 2020, Appellant filed an Amended Petition for Damages, asserting:

(Count I) ordinary negligence against the City; (Count II) recklessness against the City; (Count

III) ordinary negligence against Menards “for failing to respond to Plaintiff’s inquiry regarding

the recorded deed and by failing to take reasonable measures to ensure that Plaintiff suffered no

additional property damage; including failing to resolve the recorded deed in favor of Plaintiff”

during the pendency of the prior legal proceedings; and (Count IV) injunctive relief for Menards’

neglect of an easement. Menards again moved to dismiss the negligence claim and for a more

definite statement of the injunction claim. The City also moved to dismiss the two counts

against it.

 Ultimately, Menards cooperated with Appellant to address the nuisance allegations, so

Appellant did not oppose a motion to dismiss the request for injunctive relief as moot. On

 3
February 19, 2021, the trial court entered an Order and Judgment disposing of all of Appellant’s

claims, specifically the negligence claims in Counts I, II, and III, and the injunctive relief in

Count IV. This appeal follows.

 DISCUSSION

 Appellant raises three points on appeal, each alleging the trial court erred in granting

Respondents’ Motion to Dismiss because Appellant’s petition stated a claim for which relief

could be granted. Appellant’s first point alleges the trial court erred in that Respondents owed

Appellant a duty of care, which they breached, and substantial damage resulted to Appellant.

Second, Appellant alleges the trial court erred in that Appellant’s petition was filed within the

five-year statute of limitations for negligence. Third, Appellant alleges the trial court erred in

that Appellant pled that City waived sovereign immunity to the extent of the City’s insurance

policy limits and that the City should not be shielded because the City’s Writ of Possession was a

proprietary act done solely for the benefit of Menards. We find Point II dispositive; thus, we do

not reach Appellant’s other points on appeal.

 Standard of Review

 The standard of review for a trial court's grant of a motion to dismiss is de novo. Lang v.

Goldsworthy, 470 S.W.3d 748, 750 (Mo. banc 2015). In determining the appropriateness of the

trial court's dismissal of a petition, an appellate court reviews the grounds raised in the

defendant’s motion to dismiss. In re Estate of Austin, 389 S.W.3d 168, 171 (Mo. banc 2013). If

the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court’s

ruling will be reversed. Id. However, the trial court's ruling must be affirmed “if the motion [to

dismiss] could have been sustained on any of the meritorious grounds raised in the motion,”

 4
regardless of whether the trial court relied on that particular ground. Breeden v. Hueser, 273

S.W.3d 1, 6 (Mo. App. W.D. 2008).

 Point II

 Appellant’s second point alleges the trial court erred in granting Respondents’ motion to

dismiss because Appellant’s petition stated a claim for which relief could be granted, in that

Appellant’s petition was filed within the five-year statute of limitations for negligence.

 The applicable statute of limitations for a negligence action is five years pursuant to

Section 516.120. In Missouri, the statute of limitations begins to run “when the evidence places

‘a reasonably prudent person on notice of a potentially actionable injury.’” Aguilar v. Thompson

Coburn LLP, 540 S.W.3d 910, 914 (Mo. App. E.D 2018). The test is not when Appellant

subjectively “discovers his or her damages, and their causes, in the normal course of events

while exercising reasonable diligence.” Id. at 915. Instead, the date of accrual, determined by

the “capable-of-ascertainment test,” is when “a reasonable person would have been put on notice

that an injury and substantial damages may have occurred and would have undertaken to

ascertain the extent of the damages.” Id. at 914. This is an objective test and “damages are

ascertainable ‘when the fact of damage can be discovered or made known, not when the plaintiff

actually discovers injury or wrongful conduct.’” Id. at 915 (quoting Farrow v. St. Francis Med.

Ctr., 407 S.W.3d 597, 599 (Mo. banc 2013)).

 Appellant filed this action on July 29, 2019, and alleges her right to bring her cause of

action against Respondents did not arise until August 1, 2014, when the trial court dismissed the

condemnation action against Appellant and ordered title be restored to Appellant. Although

Appellant admits she discovered the first instance of damage to the Property on February 20,

2014, she argues she was in dispute with Respondents at that time and would not have been able

 5
to bring an action against Respondents for damages until the condemnation case had been

resolved on August 1, 2014. Appellant argues the City purported to have a valid interest in

Appellant’s Property through eminent domain between December 2, 2013, and August 1, 2014,

and the payment of the commissioner’s award on December 2, 2013, dispossessed Appellant of

title to the Property until title was restored to Appellant on August 1, 2014. Appellant therefore

contends the petition filed on July 29, 2019, was within the five-year statute of limitations for

negligence and the trial court’s judgment should be reversed. We disagree.

 Appellant appears to predicate her argument on a lack of standing due to the

condemnation proceeding. She only cites to a footnote in Conseco Finance Servicing Corp. v.

Missouri Department of Revenue, 195 S.W.3d 410, 413 n.3 (Mo. banc 2006), without any

analysis to support her position. That case is unpersuasive because it involves an abandoned

manufactured home, unlike this case where Appellant refused to give up possession of the

Property. In fact, she fought the condemnation proceedings to the Eastern District Court of

Appeals where she ultimately prevailed. Instead, we find the damages were clearly ascertainable

on March 5, 2014, when she filed a claim for damages with the Insurer, and arguably could have

started to toll on February 20, 2014, where the record undisputedly shows Appellant discovered

the injury. Moreover, Appellant had applied for a Writ of Prohibition on March 4, 2014, to stop

the court from acting on the possession action that was occurring in the trial court. This Court

preliminarily granted Appellant’s Writ of Prohibition on March 4, 2014, effectively agreeing

with her claim that she had a right to possess and hold title in the Property. We find nothing

precluded Appellant from pursuing her claim for damages to the Property as soon as they were

“capable of ascertainment.” Aguilar, 540 S.W.3d at 914.

 6
 In conclusion, we hold it is undisputed that Appellant discovered the damages at issue

here as early as February 20, 2014, and filed a claim for damages with the insurer on March 5,

2014. Thus, the statute of limitations began to toll and expired at the latest on March 5, 2019,

well before Appellant filed suit on July 29, 2019. Thus, the negligence claim was time-barred

and the trial court properly dismissed it. Point II is denied.

 We find the Point II dispositive in that the motion to dismiss could have been sustained

on that meritorious ground raised in the motion, and we don’t reach the merits of Appellant’s

remaining points. Breeden, 273 S.W.3d at 6.

 CONCLUSION

 The judgment of the trial court is affirmed.

 ____________________________________
 Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

 7